36363.   CENTRAL OF GEORGIA RAILWAY CO. *v.*
SOUTHERN CLAYS, INC., *et al.*

DECIDED SEPTEMBER 21, 1956.

*Harris, Russell, Weaver & Watkins,* for plaintiff in error.
*M. Cook Barwick, Benning M. Grice,* contra.

TOWNSEND, J. "While our declaratory-judgment statute itself says that it should be liberally construed, it manifestly was never intended to be applicable to every occasion or question arising from any justiciable controversy, since the statute does not take the place of existing remedies. It therefore follows that where

there exists a remedy, either in law or in equity, a petition for declaratory judgment will lie only when there be some fact or circumstances which necessitate a determination of disputes, not merely for the purpose of enforcing accrued rights, but in order to guide and protect the petitioner from uncertainty and insecurity with respect to the propriety of some future act or conduct which is properly incident to his alleged rights, and which future action without such direction might reasonably jeopardize his interest." *Sumner* v. *Davis,* 211 *Ga.* 702 (1) (88 S. E. 2d 392), and citations.

The plaintiff, of course, has an adequate remedy at law. He has vouched the defendant company and its insurer into court, which action will conclude them as to the liability and amount of damages which may be recoverable by Pagett in his damage action, in the event these defendants have a liability over but will not adjudicate the existence of liability as between them and the railroad company. Code § 38-624; *Southern Ry. Co.* v. *Acme Fast Freight, Inc.,* 193 *Ga.* 598 (19 S. E. 2d 286, 140 A. L. R. 1118). Whether the liability over exists may be ascertained by an action on the contract, but it cannot be maintained until the existence of the railroad's liability is determined by some procedure known to law and the amount thereof becomes ascertainable. The plaintiff here, however, desires to have existence of a liability over determined in advance of the determination of the existence of such liability in the first instance. Regardless of whether or not such adjudication would fall within the prohibited area of advisory and hypothetical opinions (see *Bankers Life & Casualty Co.* v. *Cravey,* 90 *Ga. App.* 113, 82 S. E. 2d 150), the plaintiff here merely alleges that he needs guidance and protection with respect to some future act (a) not of its own but of the trial judge in qualifying the jury on the trial of the Pagett case, and (b) decisions of its own as to whether to go to trial or to settle the Pagett case. As to its first reason it is alleged that if the trial court qualifies jurors in relation to Southern Clays, Inc., and its insurer, the jury, being apprised of the apparent existence of codefendants, may render a larger verdict than it otherwise would. This court cannot presume that the jury trying the case will be influenced by illegal considerations, and it will not be trying the monetary worth of the defendants but the

monetary value of the injuries received by the plaintiff, if it finds the defendant to be liable to him. As to the second reason advanced, the plaintiff alleges that "large demands are being made by Pagett's counsel for a settlement of the claim," but fails to allege that it is ready and willing to pay any amount in settlement of the claim which would be acceptable to Pagett's counsel, or is willing to accept any offer of settlement made by Pagett or his counsel, or that it would settle the case in any event. It thus appears that the defendant shows no set of facts wherein it needs the guidance and protection of the court to protect its rights and legal status, but rather it desires such adjudication merely for convenience in going about the procedural aspects of the trial of the Pagett case. Accordingly, no legal right of the *plaintiff* is jeopardized so as to make the declaratory judgment action tenable in view of the existing remedies. Under the Act of 1945 (Ga. L. 1945, p. 137; Code, Ann. Supp., § 110-1101) the court may "declare rights, and other legal relations *of any interested party petitioning*" (italics ours), and the question is not before us as to whether if the defendant Southern Clays or its insurer was seeking guidance as to its proper procedure under the terms of the contract this relief might be obtained by such petitioners. This case is also different from the cases of *Georgia Casualty &c. Co.* v. *Turner*, 86 *Ga. App.* 418 (71 S. E. 2d 773); *Mensinger* v. *Standard Accident Ins. Co.*, 202 *Ga.* 258 (42 S. E. 2d 628); and *Drake* v. *General Accident &c. Assurance Corp., Ltd.*, 88 *Ga. App.* 408 (77 S. E. 2d 71), for the reasons that (a) the insurers there had a duty, if coverage existed, to defend the damage action, (b) the petitioners seeking relief were insurance companies confronted with an immediate decision as to whether or not to defend the actions against their insured, and (c) if coverage existed, their duty to defend was absolute. Here the indemnitor and its insurer are not seeking the guidance of the court; so far as appears from this record there is no duty upon either of them to defend the action even if liability exists, and there is no controversy as to the existence and meaning of the contract provision, but the only question is whether the facts of the Pagett case, in the event liability is there fixed against the railroad, will be such as to bring the transaction within the terms of the indemnifying agreement. For all these reasons the *Turner*

382

case and similar decisions are not in point, and the trial court did not err in dismissing this action.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*