32066. WILSON v. DODGE TRUCKS, INC. et al.

INGRAM, Justice.

We granted certiorari in *Dodge Trucks, Inc. v. Wilson,* 140 Ga. App. 743 (231 SE2d 818) (1976), to determine what applicability the general law of Georgia on contribution and indemnity has to an action for breach of warranty under § 2-715 (2) (b) of the UCC (Code Ann. § 109A-2—715 (2)(b); Ga. L. 1962, pp. 156, 231).

The buyer, petitioner for certiorari, settled for $26,000 several lawsuits arising out of a collision between an automobile and a Dodge truck owned by the buyer and being driven by its employee. The buyer attempted to "vouch" the dealer and manufacturer of the truck, respondents herein, into the action, but they denied liability and refused to participate. After the settlement, the buyer instituted the present action against the dealer

and manufacturer on the ground that defects in the truck constituting the breach of various express and implied warranties were the direct and proximate cause of the accident. The buyer also alleged that the dealer was negligent in failing to inspect and discover the defect and notify the buyer thereof and that the manufacturer was negligent in its manufacture and design of a defective truck.

The trial court granted defendants' motions for summary judgment on the negligence counts and denied their motions for summary judgment on the breach of warranty count.

On interlocutory appeal, the Court of Appeals reversed the trial court's denial of defendants' motions for summary judgment on the breach of warranty count. The court reasoned that although this was couched as an action for breach of warranty, it was in substance an action for contribution or indemnity. Therefore, the action could not be maintained in the absence of a judgment against the buyer as the accident occurred prior to the effective date of the sections of the Code abolishing the requirement that a party seeking contribution or indemnity have a judgment rendered against him. See Code Ann. § 20-1206 (Cum. Supp. 1976) (Ga. L. 1972, p. 134) (Indemnity) and Code Ann. § 105-2012 (1) (Cum. Supp. 1976) (Ga. L. 1966, p. 433; 1972, p. 132) (Contribution).

The buyer states that its breach of warranty action against the manufacturer and dealer was brought under § 2-715 (2) (b) of the UCC which provides that, "consequential damages resulting from the seller's breach include injury to person or property proximately resulting from any breach of warranty." The buyer acknowledges that such an action for breach of warranty against the seller, for damages suffered at the hands of some third party, is in effect an action for implied indemnity. Nevertheless, the buyer argues that other provisions of the Georgia Code on contribution and indemnity do not affect the rights and remedies of a buyer of goods subject to the sales article of the UCC.

Stated somewhat differently, this argument is that the UCC is a self-contained body of law which provides the

exclusive governance for transactions that fall within its ambit. The refutation of that argument is found in § 1-103 of the UCC (Code Ann. § 109A-1—103; Ga. L. 1962, pp. 156, 169), which provides that: "Unless displaced by the particular provisions of this Act, the principles of law and equity, including the law merchant and the law relative to capacity to contract, principal and agent, estoppel, fraud, misrepresentation, duress, coercion, mistake, bankruptcy or other validating or invalidating cause shall supplement its provision."

Code Ann. § 109A-2—715 (a) (b) does not displace the principles of law and equity concerning contribution and indemnity. As we view it, the language of that Code section is silent on that subject. Therefore, the general law on contribution and indemnity found in the cases and in other provisions of the Georgia Code continues to supplement the provisions of the UCC. See 1 Anderson, Uniform Commercial Code, § 1-103:38 (1971, 2d Ed.).

Accordingly, the judgment of the Court of Appeals reversing the trial court's denial of the dealer's and manufacturer's motions for summary judgment on the breach of warranty count must be affirmed.

*Judgment affirmed. Nichols, C. J., Undercofler, P. J., Jordan, Hall and Hill, JJ., concur.*

ARGUED MARCH 15, 1977 — DECIDED APRIL 20, 1977.

*Hurt, Richardson, Garner & Todd, J. Robert Persons,* for appellant.

*Freeman & Hawkins, Andrew M. Scherffius,* for appellees.