53913. U. S. A., INC. v. KIRKLAND et al.
53914. U. S. A., INC. v. RODRIGUEZ et al.

WEBB, Judge.

The indemnitor in a "Hold Harmless Agreement" agreed to indemnify and hold harmless the indemnitee "from any and all acts on the part of [indemnitor's] employees engaged in providing security or store detectives." The indemnitor was providing security services for indemnitee at its stores, and because of the actions of provided security guards, various claims for false arrest, malicious prosecution etc. were filed against both parties. Indemnitee called upon indemnitor to defend the actions but met with refusal. Subsequently the plaintiffs in the damage actions secured favorable judgments and settlements. The trial court granted summary judgments to the indemnitee on its cross claims against the indemnitor under the "Hold Harmless Agreement," and indemnitor appeals. We affirm.

1. Indemnitor contends that the agreement is too vague, uncertain and indefinite to be enforceable in that it does not state against whom or what it holds harmless and indemnifies and in what manner this is to be done. This argument is patently without merit, since the agreement holds indemnitee harmless "from any and all acts on the part of [indemnitor's] employees engaged in

providing security or store detectives." The conclusion must be that it indemnifies against everyone having valid claims against indemnitee as a result of the acts of indemnitor's employees so engaged, and the law provides how it shall be effected.

But if there be any ambiguity, it must be construed against indemnitor, who drew it. "It is well settled that, in a contract of this nature, any ambiguous provision is to be construed against the party who drew it and this is especially true regarding indemnity or exculpatory clauses." *Scarboro Enterprises, Inc. v. Hirsh,* 119 Ga. App. 866, 870 (169 SE2d 182) (1969).

2. The trial court held: "[Indemnitee] also claims the sum of $2,403.80 as cost of defense of the case and claims that under their indemnity agreement they are entitled to these expenses. They cite Chesapeake & Ohio Ry. Co. v. Bailey Production Corp., 163 FSupp. 666 (D. C. W. Va., 1958).[1] [Indemnitor] takes the position that [indemnitee] is not entitled to these expenses under *Central of Ga. R. Co. v. Southern Clays, Inc.,* 94 Ga. App. 377 (94 SE2d 625) (1956). [Indemnitor] contends that the indemnity provisions in the *Central Railroad* case are similar to the case sub judice since there was no requirement [in the agreement] to defend the case [and that under that ruling indemnitor] is not responsible for litigating expenses to [indemnitee].

"The court finds that the facts of *Central of Ga. R. Co. v. Southern Clays, Inc.,* supra, are not applicable in this case. We have a *question of indemnity* and not a *question of defending* between the two litigating parties at bar and this court adopts the reasoning in Chesapeake & Ohio Ry. Co. v. Bailey Production Corp., supra."

We agree. Accord, 41 AmJur2d 725, Indemnity, § 36.

*Judgments affirmed. Deen, P. J., and Marshall, J., concur.*

---

[1] Indemnitor there agreed "To indemnify and save harmless [indemnitee] by reason of any of the acts of [indemnitor] or the acts of its employees in and about the prosecution of its strip mining operations under the terms hereof."

ARGUED MAY 5, 1977 — DECIDED MAY 13, 1977 —
REHEARING DENIED JUNE 1, 1977.

*Falligant, Kent & Toporek, Julian H. Toporek,
Charles W. Barrow,* for appellant.

*Bouhan, Williams & Levy, James M. Thomas, Alton
K. Kitchings, Paul Painter, Jr.,* for Kirkland et al.

*James M. Thomas, John Wright Jones,* for Rodriguez
et al.

ON MOTION FOR REHEARING.

1. Advantage is sought to be taken from the cases holding that an agreement allowing indemnification of the indemnitee against his own negligence is enforceable if, and only if, such an intent is expressed in plain, clear and unequivocal terms (see *Batson-Cook Co. v. Ga. Marble Setting Co.,* 112 Ga. App. 226 (144 SE2d 547) (1965)), which was not done here. It is argued that because the jury in the Kirkland case returned a verdict for Kirkland against both the indemnitor and indemnitee as joint defendants, the indemnitee was, under the court's ruling granting judgment under the agreement, indemnified for its own negligence. This contention is without merit, however, since Kirkland's recovery from indemnitee was not based upon the latter's independent negligence but upon acts of the security guards provided to indemnitee by indemnitor, precisely the situation indemnified against.

2. It is contended in the motion for rehearing that expenses of litigation are not generally allowed as a part of the damages (Code § 20-1404), and that "to allow [indemnitee] to recover the expenses of litigation and attorney's fees will in effect force all indemnitors to pay the expenses of the indemnitee despite the fact that the indemnitor may have legitimate questions concerning the applicability and legal consequences of the indemnity agreement."

This contention is without merit since, as we understand the record, the expenses of litigation awarded by the trial court were not incurred by the indemnitee in prosecuting the cross claims against the indemnitor on the indemnity agreement, but rather were incurred by

the indemnitee in providing a defense for itself in the main actions after the indemnitor had refused to do so. The fact that indemnitor may have questions concerning the applicability and legal consequences of the indemnity agreement is not a sufficient reason to adopt a rule precluding recovery of defense expenses incurred by the indemnitee as a result of the acts indemnified against, although it may be a sufficient ground for seeking a declaratory judgment so that indemnitor can determine whether it is in its interest to afford a defense to the indemnitee even if not bound to do so. See *LaSalle Nat. Ins. Co. v. Popham,* 125 Ga. App. 724 (188 SE2d 870) (1972).

*Motion for rehearing denied.*