# 59977. MONEY et al. v. THOMPSON & GREEN MACHINERY COMPANY, INC.

DEEN, Chief Judge.

The appellant Money in his official position as tax commissioner of Chattooga County levied on a certain caterpillar wheel loader as the property of two out-of-state corporations acting as a partnership. The fi. fas. issued on executions for unpaid taxes. The claimant Thompson & Green brought a possessory action to recover the

vehicle which had been pledged as collateral on a defaulted loan. After a court hearing the prayer was granted conditioned on appellee paying the taxes levied against the other defendants for the years 1978 and 1979, upon receipt of which the fi. fas. were to be delivered with the property to the claimant.

The tax commissioner refused to turn over the vehicle unless the tender included attorney fees in addition to the taxes, costs and interest offered. A motion to compel acceptance of the tender was granted and this appeal follows.

"Expenses of litigation are not generally allowed as a part of the damages. Code § 20-1404. Attorney fees are recoverable only where authorized by some statutory provision or by contract ... The general rule is that attorney fees are not included in the term 'cost' or 'expenses' in the absence of some statutory provision, rule of court, or by contract of the parties." *Bowers v. Fulton County,* 227 Ga. 814, 815-816 (183 SE2d 347) (1971). On a mandamus against a municipality the same rule applies. *City of Chamblee v. Bridges,* 229 Ga. 304 (190 SE2d 914) (1972). Attorney fees were not allowable at common law. Rivera v. Deauville Hotel, Employers Service Corp. (Fla.) (277 S2d 265).

The present action was brought under Code Ann. § 91A-1361(c) (Ga. L. 1978, pp. 309, 424) which provides in part that when the execution is paid the officer enters on it the amount collected "including, *but not limited to,* all costs and commissions." The appellant contends that this code section, which was formerly Code § 92-5104 and the wording of which has been changed by adding the italicized phrase, supra, constitutes authorization for adding attorney fees to the principal, interest and costs. We find no support for this proposition in the law, since it is not sustained by any legislative or constitutional enactment or contract and would be in derogation of the common law. The judgment of the trial court is affirmed.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

Argued June 2, 1980 — Decided September 5, 1980.

*Archibald A. Farrar, Jr.,* for appellants.
*Norman S. Fletcher, Thomas B. Crestwell, Jr., Ronald R. Womack,* for appellee.