61594. RANGER CONSTRUCTION COMPANY et al. v. ROBERTSHAW CONTROLS COMPANY et al.

DEEN, Presiding Judge.

Dresco Mechanical Contractors, Inc. ("Dresco") entered an agreement with Ballenger Corporation, f/k/a Ranger Construction Company ("Ballenger") to provide mechanical work relating to the construction of the Northwest Georgia Regional Hospital located at Rome, Georgia, for which project Ballenger was the general contractor. The Travelers Indemnity Company ("Travelers") acted as surety on Ballenger's payment bond; United States Fidelity & Guaranty Company ("USF&G") was surety on Dresco's performance bond naming Ballenger as obligee.

Subsequently, Dresco contracted with Robertshaw Controls Company ("Robertshaw") to provide and install the automatic temperature and humidity control systems for several buildings at the hospital complex. Some five years later, Robertshaw filed suit in the State Court of Fulton County against Ballenger and Travelers alleging that it had completed performance in accordance with that contract, that Dresco had paid Robertshaw in part, but that a balance of $45,137.00 remained payable to Robertshaw, and that Robertshaw had given Ballenger and Travelers notice of Dresco's default and had demanded payment of said amount, which payment presumably was

refused.

Ballenger and Travelers then filed a third-party complaint against Dresco and USF&G alleging that any liability of Ballenger and Travelers to Robertshaw was secondary to that of Dresco and USF&G and seeking subrogation to Robertshaw's rights and indemnification from Dresco and USF&G for any liability that might be found under Robertshaw's complaint. Dresco and USF&G filed motions to dismiss the third-party complaint raising the defenses of prior suit pending, *res judicata,* conclusiveness of judgment and collateral estoppel based upon claims allegedly adjudicated in the earlier case of Ballenger Corp., f/k/a Ranger Construction Co. v. Dresco Mechanical Contractors, Inc., et al., Civil Action No. B-96990 in the Superior Court of Fulton County. See, *Ballenger Corp. v. Dresco Mech. Contractors,* 156 Ga. App. 425 (274 SE2d 786) (1980). Robertshaw was not a party to that litigation.

In support of these motions to dismiss, Dresco and USF&G submitted the affidavits of Carole M. Foster, court reporter in the earlier action, and C. James Jessee, Jr., their attorney, to which were attached certified copies of pleadings, extracts from the prior trial transcript and the order and judgment entered in the earlier suit. In opposition to the motions, Ballenger and Travelers submitted the affidavits of W. S. Ellison, managers of Ballenger's Atlanta office, and Edward H. Wasson, Jr., their attorney.

At the hearing on the motions, the parties stipulated that the motions to dismiss would be treated as motions for summary judgment and that evidence to be considered by the court would include the affidavits and exhibits tendered by the parties. The court subsequently ruled that the prior suit and the instant suit related to the same subject matter, and that Code § 3-601 thus required that the present third-party complaint be dismissed. From this order and judgment granting Dresco and USF&G summary judgment as to the third-party complaint, Ballenger and Travelers lodge this appeal.

Initially, we note that the extracts from the previous trial's transcript that are included in the record before us include some forty-eight pages of a transcript earlier noted by this court to consist of over 14,000 pages of testimony and exhibits. *Ballenger Corp. v. Dresco Mech. Contractors,* supra, at 425. Naturally for the purposes of the instant case, we may pass only upon that evidence contained in the present record, and we are therefore forced to assume that the extracts before us contain all references in the earlier litigation to the claim here subject to our review. From these extracts we surmise that Ballenger initially tendered an exhibit in the earlier trial (Plaintiff's Exhibit 128) summarizing its claims against Dresco which included the claim here asserted by Robertshaw, but subsequently withdrew

that exhibit and tendered a revised exhibit (designated by another number) deleting the Robertshaw claim. Ballenger subsequently moved "that the court enter an order that [the Robertshaw] claim may be tried in that separate action [the instant lawsuit] . . . and permit that issue to be resolved in that litigation." Ballenger argued that since Robertshaw's work had not at that time been accepted by the owner, the sums claimed therefor were not yet due and the rights of Ballenger and Dresco relative to that claim could not, therefore, be adjudicated in that action. After hearing numerous other arguments, including Dresco's tender of Exhibit 128, the court overruled Ballenger's motion. In seeking clarification as to the court's ruling, counsel for Ballenger posited, "So that leaves it in the posture of wherever it happens to be in the other court. In other words, this court simply will not issue an order one way or the other." The court responded, "I overrule your motion and leave it where it is, and let 128 go in." Exhibit 128 was admitted solely in opposition to Ballenger's motion, however, and was not permitted to go to the jury.

From this confusing scenario, we conclude that the only action taken by the court in the prior action relevant to the claim here litigated was its refusal to enter an order relating to the present litigation and its express determination to leave this lawsuit untouched. Moreover, the sole evidence of the Robertshaw claim presented in the earlier action was, on Dresco's insistence, not admitted for jury consideration. Accordingly, we find that the relative rights of Ballenger and Dresco regarding the instant claim of Robertshaw were in no manner litigated in the prior action.

Further, we find that such rights between Ballenger and Dresco could not have been litigated in the earlier suit even had they been asserted. As noted above, the present third-party complaint seeks indemnity from Dresco and its surety for any liability of Ballenger or its surety that might be found as a result of Robertshaw's claim in the case-in-chief. "[I]n order for one seeking indemnity to recover, he must allege and prove that he has sustained an actual legal liability to the injured party . . ." *Southern Nitrogen Co. v. Stevens Shipping Co.,* 114 Ga. App. 581, 585 (151 SE2d 916) (1966). Thus, prior to 1972, it was generally held that no right of indemnity arose until a judgment was entered against the party claiming indemnification. *See, Southern R. Co. v. A. O. Smith Corp.,* 134 Ga. App. 219 (213 SE2d 903) (1975) and *Dodge Trucks, Inc. v. Wilson,* 140 Ga. App. 743 (231 SE2d 818) (1976), affd. 238 Ga. 636 (235 SE2d 142) (1977). By the enactment of Code § 20-1206,[1] however, the Legislature has expressly

---

[1] Code § 20-1206 provides: "Without the necessity of being charged by suit or judgment the right of indemnity, express or implied, from another or others shall

permitted a party to compromise or settle a claim in lieu of a lawsuit or judgment against that party without prejudicing that party's right to seek indemnity from another.

Under the present facts, it is clear that no judgment had been rendered against Ballenger relating to the Robertshaw claim at any time during the trial of the prior superior court suit. Indeed it is that very claim which is presently pending in the instant case-in-chief. Similarly, the affidavit of W. S. Ellison is uncontroverted to the effect that as of February 22, 1980 (long after judgment was entered in the prior action), neither Ballenger nor Travelers had made any payment to Robertshaw pertaining to its work on the hospital project. No funds having flowed from Ballenger, it cannot be asserted that Ballenger had compromised or settled its claim with Robertshaw so as to accrue a right of indemnity against Dresco under Code § 20-1206.[2] Consequently, Ballenger had not incurred any "actual legal liability" to Robertshaw at the time of the earlier action. As a matter of law, therefore, Ballenger could not have asserted a related claim for indemnity in that proceeding.

Accordingly, Dresco's motions for summary judgment as to the instant third-party complaint cannot be sustained on any of the grounds asserted therefor. We therefore reverse the trial court's judgment in favor of Dresco and remand with instructions that the third-party complaint be reinstated.

*Judgment reversed. Banke and Carley, JJ., concur.*

DECIDED MARCH 19, 1981 —
REHEARING DENIED APRIL 3, 1981.

*Edward H. Wasson, Jr., Michael F. Swick,* for appellants.

*C. James Jessee, Jr., E. T. Nance, Jr.,* for appellees.

---

continue unabated and shall not be lost or prejudiced by compromise and settlement of a claim or claims for injury to person or property or for wrongful death, and release therefrom."

[2] We recognize that Code § 20-1206 has been held not to apply retroactively (*Southern R. Co. v. A. O. Smith Corp.,* supra), and we therefore reserve any judgment as to whether or not that statute applies to the instant case.