66668. ALTERMAN FOODS, INC. et al. v. G. C. C. BEVERAGES, INC. et al.

SHULMAN, Chief Judge.
This appeal involves the question of whether a buyer in an action to recover damages from a seller for breach of warranty under OCGA § 11-2-715 (Code Ann. § 109A-2—715) may recover as consequential damages attorney fees incurred in its defense of a personal injury action brought against the buyer by a consumer for injuries suffered in an accident involving defective merchandise purchased by the buyer from the seller.

In the present case, a consumer brought suit against appellant Alterman Foods, Inc. d/b/a Big Apple Supermarket; appellee G. C. C. Beverages, Inc. (the soft drink bottler); and a carton manufacturer (not a party to this appeal) after the carton of soft drinks the consumer was carrying gave way and caused a bottle to fall on her foot, resulting in a broken big toe. Upon receipt of the complaint and summons, appellant notified appellee and requested that appellee assume appellant's defense and indemnify appellant against damages and costs, including cost of defense and attorney fees. Appellee declined to defend or indemnify appellant, and the present cross claim was filed by appellant, seeking indemnity by appellee against damages and attorney fees incurred in defending the

consumer's suit against the appellant. All cross claims were severed for purposes of trial.

At trial, the court directed a verdict in favor of appellant regarding any negligence on its part and allowed only the consumer's claim against appellant based on breach of implied warranty of merchantability and fitness for a particular purpose to go to the jury. A verdict was also directed in favor of appellee regarding the consumer's warranty claims against it and only the consumer's claim against appellee based on negligence was allowed to go to the jury. It should be noted that the trial court granted the latter motion for directed verdict expressly without prejudice to appellant's warranty cross claim against appellee. The trial court directed a verdict in favor of the carton manufacturer on all counts of the consumer's complaint.

The jury returned a $5,000 verdict against both appellant and appellee based on breach of warranty and negligence, respectively. Subsequent to the trial, appellant filed its amended cross claim and motion for summary judgment on the cross claim against appellee seeking indemnity against the full amount of the $5,000 judgment not already paid by appellee, and against $6,616.24 in attorney fees incurred in appellant's defense of the main personal injury action brought by the consumer. Appellant claims that the judgment and costs were incurred solely as a result of appellee's negligence and breach of warranty in supplying defective goods to appellant for resale to its retail customers.

Appellee thereafter paid the full amount of the $5,000 judgment but refused to pay appellant's attorney fees and filed its own cross motion for summary judgment against appellant's claim for indemnity against its cost of defense. The trial court granted appellee's cross motion for summary judgment and denied appellant's motion regarding reimbursement of its attorney fees.

In its order, the trial court ruled that the only theory of liability under which appellant could recover damages was appellee's breach of an implied warranty as provided in OCGA §§ 11-2-314 and 11-2-315 (Code Ann. §§ 109A-2—314, 109A-2—315). Consequential damages from this breach are recoverable under OCGA § 11-2-715 (2) (Code Ann. § 109A-2—715). The court also ruled, contrary to appellant's contention, that no "implied indemnity" existed and that the recovery of attorney fees was not authorized under OCGA § 11-2-715 (Code Ann. § 109A-2—715). However, it was acknowledged in *Wilson v. Dodge Trucks,* 238 Ga. 636 (235 SE2d 142), that an action for breach of warranty against the seller for damages suffered at the hands of some third party was in effect an action for implied indemnity. The court held that the provisions of the Uniform Commercial Code, being silent as to the present vitality of the

applicability of indemnity law in UCC actions, were therefore supplemented by the general law of contribution and indemnity. It follows that in the present case, the breach of appellee's implied warranty to appellant may be viewed as a breach of an implied contract of indemnity and that we may draw from the general law of indemnity to assist us in arriving at a just and fair conclusion.

OCGA § 11-2-715 (Code Ann. § 109A-2—715) states in pertinent part: "(2) Consequential damages resulting from the seller's breach include: (a) Any loss resulting from general or particular requirements and needs of which the seller at the time of contracting had reason to know and which could not reasonably be prevented by cover or otherwise; and (b) Injury to person or property proximately resulting from any breach of warranty."

Apparently, no cases involving the issue presented in the present case have been decided in Georgia since the UCC became effective in 1962. Generally, attorney fees are not recoverable as damages absent an express provision in a contract or a statutory mandate. *Money v. Thompson & Green Machinery Co.,* 155 Ga. App. 566 (271 SE2d 699); OCGA § 13-6-11 (Code Ann. § 20-1404). In some jurisdictions, however, an exception has been recognized when the attorney fees sought were incurred in a suit against the buyer by a third party when such suit arose from an accident proximately resulting from the seller's breach of warranty to the buyer. The Supreme Court of Wisconsin held in 1969 and reiterated in 1978 that "[a]ttorney's fees and expenses incurred in *third-party* litigation may be recovered where they are the natural and proximate result of the defendant's breach of contract or other wrongful act which has caused the plaintiff to become involved in litigation with third parties. Cedarburg L. & W. Comm. v. Glens Falls Ins. Co. [42 Wis. 2d 120 (166 NW2d 165)]." Murray v. Holiday Rambler, Inc., 83 Wis. 2d 406 (265 NW2d 513, 527 (fn. 11)). In 1980, the Fifth Circuit Court of Appeals concluded that attorney fees were recoverable by a plaintiff seeking indemnity for suits brought against it because of a breach of warranty created by UCC § 4-207, and expressly recognized this situation as an exception to the general rule. Perkins State Bank v. Connolly, 632 F2d 1306 (14). More in line with the facts of the instant case is a 1973 case decided by the Missouri Court of Appeals, which allowed the indemnitee in a breach of implied warranty action under a statute identical to OCGA § 11-2-715 (Code Ann. § 109A-2—715) to recover attorney fees incurred in defense of a suit by a third party, since the seller was bound to know that the buyer would make a resale of the goods in the ordinary course of business. Specifically, the Missouri court stated that the statutory definition of allowable consequential damages outlined in UCC § 2-715 "is essentially the

same as the rule at common law. Under the common law, the courts of this State prior to the Uniform Commercial Code in an unbroken line of cases have held that a buyer may collect as consequential damages his expenses including attorney's fees in defending title after having given notice to his seller that a third party is claiming adversely. [Cits.]" Universal C. I. T. Credit Corp. v. State Farm Mut. Auto. Ins. Co., 493 SW2d 385, 391. See also Chemco Industrial Applicators Co. v. E. I. du Pont de Nemours & Co., 366 FSupp. 278 (14).

As mentioned earlier, no post-UCC cases in Georgia have addressed the specific issue involved in the present case. However, this court, although not holding so expressly, implied in a 1950 decision that attorney fees would be recoverable as an "actual expense" incurred by a buyer as a result of a breach of warranty by its seller. *C. M. Miller Co. v. Ramey,* 82 Ga. App. 807, 811 (62 SE2d 768). Additionally, in 1977, this court decided a case involving an express indemnity where attorney fees were almost routinely deemed recoverable for litigation expenses incurred against third parties. *U. S. A., Inc. v. Kirkland,* 142 Ga. App. 484, 486 (236 SE2d 130). The Fifth Circuit has held that express and implied indemnity actions involve the same controlling principles. Atlanta Milling Co. v. Norris Grain Co., 271 F2d 453, 456. Therefore, it can logically be inferred from the foregoing cases that recovery of attorney fees in an implied warranty action, as in the case at bar, should be allowed because, as stated earlier, the general law of indemnity may be used to supplement the provisions of Georgia's commercial code. *Wilson v. Dodge Trucks,* supra.

In light of the foregoing authority, we hold that appellant should be awarded the attorney fees it incurred in the litigation of the personal injury claim brought by the consumer. The incident that spawned this litigation would have never occurred if not for the defective soft drink carton appellee sold to appellant. This court is aware of the existence of contrary authority, but these cases for the most part are distinguishable on their facts. See Weston v. Globe Slicing Machine Co., 621 F2d 344 (9th Cir. 1980); and Acme Pump Co. v. Nat. Cash Register Co., 32 Conn. Sup. 69 (337 A2d 672 (14). We believe that the more just rule is to allow the buyer of defective merchandise to recover from the seller of that merchandise its litigation expenses incurred in a suit against the buyer by a third party when such litigation resulted from an incident caused by the same defective merchandise. The seller in situations like those in the present case is well aware of the fact that the buyer of its merchandise will resell those goods to the general public and that litigation inherently follows a mishap caused by defective merchandise.

It should be noted that this holding is restricted to the facts of

this case. It is unnecessary to consider whether appellant could recover attorney fees if the jury had found it had been negligent or if appellant could recover if the jury had completely exonerated it of any fault whatsoever. Furthermore, since we have found that appellant has a right of indemnity arising from appellee's breach of implied warranty, it is unnecessary to decide whether such a right would also arise as a result of appellee's alleged negligence.

Therefore, we hold that the trial court erred in granting appellee's cross motion for summary judgment and in denying appellant's motion for summary judgment regarding its recovery of attorney fees. Accordingly, appellant's motion for summary judgment should be granted and appellee ordered to pay $6,616.24 to appellant for attorney fees.

*Judgment reversed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED NOVEMBER 4, 1983 —
REHEARING DENIED NOVEMBER 21, 1983 — ▮▮▮▮▮▮

*Donald R. Andersen, J. Arthur Mozley,* for appellants.
*Alan F. Herman, Charles E. Muskett, J. M. Hudgins IV, Henry D. Green, Jr.,* for appellees.