A94A0660, A94A0767. ALLEN v. LEFKOFF, DUNCAN, GRIMES & DERMER, P.C. et al.; and vice versa.
(442 SE2d 466)

BLACKBURN, Judge.

May Allen commenced this action against the defendant law firm and two of its partners, seeking damages for malpractice and violation of a trust or confidence. The matter proceeded to trial and resulted in a verdict for the defendants. Subsequently, the trial court denied Allen's motion for j.n.o.v. and for new trial, and the defendants' counterclaim for attorney fees and expenses of litigation. This appeal by Allen and cross-appeal by the defendants followed.

Allen's late husband owned and operated a lithographic and color separating business. After her husband's death in 1987, Allen retained the defendants to help with the settlement of the estate, and during that process she expressed some desire to sell the business. The defendants introduced her to Leonard Epstein as a potential buyer, and on April 14, 1988, Epstein purchased the business. The defendants represented both Allen and Epstein in the transaction, at the insistence of both parties.

Pursuant to the purchase agreement, Allen placed 85 percent of the company's stock in escrow with the defendant law firm; Epstein was appointed chief executive officer of the company; and Epstein was obligated to pay Allen $150,000 over a three-year period. Epstein eventually defaulted on the obligation and liquidated the company, and Allen brought this action against the defendants to recover her loss plus punitive damages.

1. Allen asserts ten enumerations of error attacking the trial

court's disallowance of any evidence of, reference to, or jury instruction on the defendant attorneys allegedly having violated certain provisions of the Code of Professional Responsibility. However, "while the Code of Professional Responsibility provides specific sanctions for the professional misconduct of the attorneys whom it regulates, it does not establish civil liability of attorneys for their professional misconduct, nor does it create remedies in consequence thereof." *Davis v. Findley*, 262 Ga. 612, 613 (422 SE2d 859) (1992). Accordingly, the trial court properly excluded all reference to the Code of Professional Responsibility.

Allen misplaces her reliance upon *Cambron v. Canal Ins. Co.*, 246 Ga. 147 (269 SE2d 426) (1980), in which the Supreme Court upheld a jury instruction on the Code of Professional Responsibility's proscription of conflicts of interest. *Cambron* involved an insurer's equitable action to set aside default judgments collusively obtained by the plaintiff and the estate of the deceased defendant, both of whom were represented by the same attorney. That case did not address the appropriate use of the Code of Professional Responsibility in legal malpractice actions, which was, however, squarely before the Supreme Court in *Davis v. Findley*, supra.

2. Allen contends that the trial court erred in excluding any evidence of Epstein's 1990 sale of the business, proffered to demonstrate the defendants' continued representation of Epstein after the purchase agreement. The trial court excluded this evidence on the grounds that it was not relevant to the issue of alleged malpractice by the defendants in 1988. A trial court's determination of the relevancy of evidence will not be disturbed on appeal absent an abuse of discretion, *Crosby v. Spencer*, 207 Ga. App. 487 (428 SE2d 607) (1993), and we find no abuse of discretion in the instant case.

3. Allen next contends that the trial court erred in failing to instruct the jury on an alternative measure of damages allowed by OCGA § 51-12-6, concerning damages for injury to peace, happiness, or feelings. Following the jury charge, the trial court specifically inquired about any exceptions, and counsel for Allen objected only to the omission of instructions regarding the Code of Professional Responsibility, thereby waiving any objection to the omitted alternative charge on damages. *Nolen v. Murray Indus.*, 165 Ga. App. 785 (302 SE2d 689) (1983); *Brown v. Garcia*, 154 Ga. App. 837 (270 SE2d 63) (1980).

Allen also asserts that, in failing to recharge on the law on damages, the trial court erred in its recharge on legal malpractice given in response to the jury's inquiry as to what damages to the plaintiff must occur in order to demonstrate legal malpractice. However, following that recharge, the trial court again asked if there were any exceptions, and Allen objected only on the ground that the charge elimi-

nated the defendants' alleged violation of a confidence or trust as a theory of recovery in the case. Allen thus waived any objection to the recharge for the ground raised for the first time on appeal.

4. The purchase agreement contained an indemnification clause in which Allen and Epstein acknowledged the conflict of interest arising from the defendants' representation of both parties, and agreed to indemnify the defendants and hold them harmless for "any and all claims asserted against the firm or its members by Buyer or Seller or any person claiming under Buyer or Seller as a result of the agreement of the firm to represent both Buyer and Seller in this transaction." The defendants asserted a counterclaim seeking to recover attorney fees and expenses of litigation pursuant to that indemnification clause.

During the trial, Allen unsuccessfully moved for directed verdict on the counterclaim, on the grounds that it violated public policy. When the parties stipulated that determination of the counterclaim was a legal issue, the trial court reserved ruling on it, and several months after the trial denied the counterclaim. Allen enumerates as error the trial court's failure to direct a verdict on the counterclaim, and in their cross-appeal the defendants attack the denial of the counterclaim.

In *Porubiansky v. Emory Univ.*, 156 Ga. App. 602, 610 (275 SE2d 163) (1980), this court intimated that attorneys may not contractually limit their liability to clients for their malpractice. The indemnification clause in the instant case, however, did not contravene such a public policy concern, because it did not purport to limit any liability for the defendants' negligence. See *Hartline-Thomas v. Arthur Pew Constr. Co.*, 151 Ga. App. 598 (260 SE2d 744) (1979). However, the scope of the indemnity did not extend to attorney fees and expenses of litigation, and the trial court thus properly denied the defendants' counterclaim.

*Judgments affirmed. Birdsong, P. J., and Cooper, J., concur.*

DECIDED MARCH 8, 1994 —
RECONSIDERATION DENIED MARCH 25, 1994 —

*William R. Hurst*, for appellant.
*Freeman & Hawkins, H. Lane Young, Christine L. Mast, Thomas F. Wamsley, Jr.*, for appellees.