A94A0660. ALLEN v. LEFKOFF, DUNCAN, GRIMES & DERMER, P.C. et al.
(458 SE2d 503)

BLACKBURN, Judge.

In *Allen v. Lefkoff, Duncan, Grimes & Dermer*, 212 Ga. App. 560 (442 SE2d 466) (1994), we affirmed the trial court's disallowance of any evidence of, reference to, or jury instruction on the defendant attorneys allegedly having violated certain provisions of the Code of Professional Responsibility. The Supreme Court granted certiorari and reversed our decision in *Allen v. Lefkoff, Duncan, Grimes & Dermer*, 265 Ga. 374 (453 SE2d 719) (1995).

The Supreme Court held "that pertinent Bar Rules [were] relevant to the standard of care in a legal malpractice action." Id. at 376. The Supreme Court clarified its holding by finding that "[i]n order to relate to the standard of care in a particular case, . . . a Bar Rule must be intended to protect a person in the plaintiff's position or be addressed to the particular harm suffered by the plaintiff." Id. at 377.

The proper application of the Supreme Court's decision requires that the trial court make certain mixed findings of fact and law. In the present case, the trial court has not had the opportunity to make these findings in light of the Supreme Court's expansion of the applicable rule of law. Therefore, the judgment of the trial court is hereby vacated, and upon remand, the trial court is directed to hold a hearing relative to the use of Bar Rules in this case consistent with the Supreme Court's holding herein. Such hearing should be treated as a motion for new trial entitling either party to appeal the trial court's subsequent decision within 30 days of its entry.

*Judgment vacated and case remanded with direction. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JULY 11, 1995.

*William R. Hurst*, for appellant.
*Freeman & Hawkins, H. Lane Young II, Christine L. Mast, Thomas F. Wamsley, Jr.*, for appellees.