A02A0192. GEORGE L. SMITH II GEORGIA WORLD CONGRESS
CENTER AUTHORITY v. MILLER BREWING COMPANY.
(566 SE2d 361)

MILLER, Judge.

This case presents a single issue on undisputed facts: Does a written indemnity agreement obligate the indemnitor to pay the indemnitee's attorney fees where the agreement makes no mention of an obligation to defend the indemnitee or of an obligation to pay the indemnitee's attorney fees or expenses of litigation? We hold that no obligation to pay attorney fees arises in such an agreement and therefore affirm summary judgment in favor of the indemnitor.

Pursuant to a written license agreement, George L. Smith II Georgia World Congress Center Authority (the "Authority") leased certain exhibit hall space to Miller Brewing Company for a trade show. Excepting a circumstance inapplicable here, Miller agreed "to indemnify and save harmless Authority from any and all liability, or claims of liability, for damage to or loss of property or for bodily or personal injury (including death) of [Miller] or of any person admitted to the Center by [Miller]. . . ."

The facts are undisputed. A participant in the trade show fell from a platform and was injured, resulting in a personal injury lawsuit against Miller and the Authority that generated legal bills for both defendants before Miller negotiated and paid a settlement to the participant. When Miller refused to pay the Authority's attorney fees, the present suit on the indemnity agreement arose. Both parties moved for summary judgment, with the court granting summary judgment to Miller. The Authority appeals, arguing that the indemnity agreement obligated Miller to pay the Authority's attorney fees incurred in defending the personal injury action.

The Authority's claim hinges on the interpretation of Miller's indemnity obligation as set forth in the written contract. Since the construction of a contract is a question of law for the court based on the intent of the parties as set forth in the contract, we review the question de novo. *Deep Six v. Abernathy*, 246 Ga. App. 71, 73 (2) (538 SE2d 886) (2000).

"The cardinal rule of construction is to ascertain the intention of the parties." OCGA § 13-2-3. "The language which the parties have used will be looked to for the purpose of finding that intention, which

when it is once ascertained will prevail over all other considerations, in determining the nature of the agreement." (Citations and punctuation omitted.) *Akron Pest Control v. Radar Exterminating Co.*, 216 Ga. App. 495, 497 (1) (455 SE2d 601) (1995). Also, "attorney fees are not [generally] recoverable as damages absent an *express* provision in a contract or a statutory mandate. [Cit.]" (Emphasis supplied.) *Alterman Foods v. G.C.C. Beverages,* 168 Ga. App. 921, 923 (310 SE2d 755) (1983); see *Ga. Subsequent Injury Trust Fund v. Muscogee Iron Works,* 265 Ga. 790-791 (462 SE2d 367) (1995).

No language, express or otherwise, obligates Miller to pay the Authority's attorney fees. The language focuses only on Miller's duty to indemnify the Authority for liabilities and claims of liability, not on the legally separate duty to defend the Authority or to pay for expenses of litigation or attorney fees. Cf. *City of Atlanta v. St. Paul Fire &c. Ins. Co.*, 231 Ga. App. 206, 209 (3) (498 SE2d 782) (1998) (duty to defend and duty to indemnify are separate and independent obligations). This language closely parallels that discussed in *Allen v. Lefkoff, Duncan, Grimes &c.*, 212 Ga. App. 560, 562 (4) (442 SE2d 466) (1994) (" 'any and all claims asserted' " against the indemnitee), rev'd on other grounds, 265 Ga. 374 (453 SE2d 719) (1995), where we held that "the scope of the indemnity did not extend to attorney fees and expenses of litigation. . . ."

Indeed, a focused analysis of the specific liabilities indemnified confirms this conclusion. Miller agreed to indemnify the Authority from any and all liability, or claims of liability, for property loss or damage or personal injury "of [Miller] or of any person admitted to the Center by [Miller]." Thus, the indemnification protected the Authority from liability for losses or injuries *experienced by Miller or Miller's invitees,* not for expenses incurred by the Authority in defending itself.

The Authority nevertheless contends that the use of the phrase "claims of liability" in addition to "any and all liability" somehow gives rise to an obligation to pay attorney fees. This contention lacks merit. When used in addition to the phrase "any and all liability," the phrase "claims of liability" simply refers to the status of an action before liability is conclusively determined by a court judgment. Thus, pre-judgment settlements are specifically covered by the indemnity obligation. Attorney fees, however, are not.

In contrast to its agreement in the present case, the Authority in other indemnity agreements has used express language to create defense cost obligations when such was the intent of the parties. See, e.g., *George L. Smith II &c. Auth. v. Soft Comdex,* 250 Ga. App. 461, 463 (550 SE2d 704) (2001) (indemnifies the Authority "from all liabilities, *and the cost[s] and expenses of defending all claims of liability,*"

for personal injury claims) (emphasis supplied). As there is no such language here, we affirm the summary judgment granted to Miller.

*Judgment affirmed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 24, 2002 —
RECONSIDERATION DENIED JUNE 5, 2002.

*Thurbert E. Baker, Attorney General, Kathleen M. Pacious, Deputy Attorney General, Owen, Gleaton, Egan, Jones & Sweeney, Timothy J. Sweeney,* for appellant.

*Swift, Currie, McGhee & Hiers, Bradley S. Wolff, Jeanne K. Strickland,* for appellee.