## BARNES, sheriff, *v.* BLUTHENTHAL & BICKART.

1. Where a sheriff lawfully sold personalty under an execution, and upon the purchaser's refusal to comply with the terms of the sale the property was resold at his risk and brought a lower price, any absolutely necessary and proper expense attendant upon the keeping and storage of the property pending the readvertisement and sale of the same may be treated as increasing the deficiency, for which the original purchaser was liable; and an action by the sheriff for the total deficiency, including this expense and the difference in price, is, when the sum of both items exceeds $100, maintainable in a court which, relatively to actions of this character, has jurisdiction in cases where the principal sum claimed, exclusive of interest, exceeds $100.

2. The court erred in sustaining the demurrer to the plaintiff's declaration.

Argued June 3, — Decided July 7, 1897.

Complaint. Before Judge Berry. City court of Atlanta. September term, 1896.

*Mayson & Hill*, for plaintiff.

*Glenn, Slaton & Phillips*, for defendants.

FISH, J. Barnes, sheriff of Fulton county, brought his action against Bluthenthal & Bickart, in the city court of Atlanta, alleging, that on February 4, 1894, he as such sheriff duly exposed for sale, under order of the superior court of Fulton county, in the case of Mrs. E. A. Rose *v.* Rose & Son, the stock of liquors belonging to Rose & Son; that defendants became the purchasers at $1,250, being the highest and best bidders; that they refused to comply with their bid and pay the same, whereupon another order was procured in the same case from said superior court, under which last order the liquors were exposed to sale by plaintiff on February 18, 1895, at the same place, and defendants again bid on them, but at the second sale they brought only $1,201; that defendants were notified, when they refused to comply with their bid at the first sale, that the liquors would be resold at their risk; that the storage for the liquors, pending the readvertisement and sale, was $62.50, which amount and the $49 difference between the bids by the defendants at the first and second sales they had refused to pay. An amendment was allowed, so that the suit should proceed in the name of Barnes, sheriff, for the use of Mrs. E. A. Rose. When the case was called for trial, the defendants demurred orally to the declaration, and moved to dismiss the same, on the grounds, (1) that the plaintiff could not recover the amount sued for, in his capacity as sheriff; and (2) that the item for loss by storage charges, pending resale, could not be recovered by the sheriff, and as that fact appeared by the declaration, the court was without jurisdiction and the case should be dismissed. The demurrer was sustained and the case dismissed; whereupon the plaintiff excepted.

1. The controlling question in this case is, whether the storage for the stock of liquors, levied on by the sheriff, from the date of the first sale to the time of the second sale, can be recovered from defendants. In *Robertson* v. *Smith*, 37 *Ga.* 604, expenses of this kind are fully recognized as just and legal, and are

considered as costs, for which, in that case, the court entered up judgment in favor of the sheriff against the plaintiff, who had dismissed his case.    In *Alexander* v. *Herring,* 54 *Ga.* 200, it was held that: "The measure of damages in a suit by an administrator, against a purchaser at his sale, for a deficiency in the amount of a second sale, is what must be added to the amount of the second sale, to put the administrator in the same position as if the defendant had fully complied with his bid."    In that case the administrator was allowed to recover from the purchaser at the first sale, who failed to comply with his bid, taxes which accrued between the two sales, on the land sold, and which had been paid by the administrator.    The court said:    "It is the plain intent of the statute to· protect the beneficiaries of the sale to the full amount of the bid, to provide no harm shall come to them from this repudiation of the contract by the bidder."    The seller should be made as whole as if the bidder had complied with his bid.    If it be necessary for its proper care and preservation that property levied upon by a sheriff should be stored until it can be duly sold, then the expense of such storage must fall upon some one.    Ordinarily it would fall upon the defendant, as the plaintiff has the right to have his judgment fully satisfied out of the defendant's property.    Where, however, the defendant permits his property to go to sale and the purchaser thereof fails and refuses to comply with his bid, and thus causes delay and necessary expense, it is but strict right and justice that such expense should fall upon the recalcitrant bidder.    Under such circumstances, any absolutely necessary and proper expense attendant upon the keeping and storage of the property, pending the readvertisement and sale of the same, may be treated as increasing the deficiency for which the original ·purchaser is liable.    This rule, however, should be restricted to absolutely necessary and unavoidable expenses, and to such as where to hold otherwise would be a hardship upon the officer.    Section 5466 of the Civil Code provides that it shall be at the option of the sheriff to proceed against the recusant purchaser for the full amount of the purchase-money, or to resell the property and then proceed against the first purchaser for the deficiency

arising from the sale. Section 5467 says: "The action . . may be brought in the name of the sheriff . . making the sale, for the use of the plaintiff or defendant in execution, or any other person in interest, as the case may be." The sheriff is the real party plaintiff. The contract sued on was made with him, and it was optional with him whether he would sue for the full amount of the purchase-money, or resell and sue for the deficiency arising from the last sale. The usee is made a party simply to show, in the language of the statute, the "person in interest." The suit as amended, therefore, was properly brought. *Glenn* v. *Black*, 31 *Ga.* 393; *Sharman* v. *Walker*, 68 *Ga.* 148. The act of December 11, 1894 (Acts 1894, p. 209), provides that "the city court of Atlanta shall not have jurisdiction of any suit or cause of action where the principal sum claimed, exclusive of interest, does not exceed one hundred dollars, in cases where the jurisdiction is now vested in the justice courts." As the plaintiff, upon proper proof, was entitled to recover the $49, the difference between the bid at which defendants purchased at the first sale and the price at which the property was resold, and, in addition to that, the necessary expense of storage, alleged to be $62.50, thus making the principal sum claimed, exclusive of interest, more than one hundred dollars, the above cited act does not apply, and the city court had jurisdiction.

2. The court erred in sustaining the demurrer to the plaintiff's declaration.

*Judgment reversed. All the Justices concurring.*