4348, 4365.    ADAMS *v.* AYCOCK, sheriff, for use, etc., and
*vice versa.*

1. An action instituted by a sheriff against a defaulting bidder, to recover the difference between the amount of the bid and the sum realized on resale, may be brought in the name of the defendant in execution as usee, without reference to whether the amount of the bid was greater than that due on the execution.
2. In such a suit the fi. fa. is admissible in evidence, even though there does not appear thereon an entry of sale.
3. The fact that the defendant was acting as agent for another in making the bid is no defense to the action, in the absence of proof that the officer had notice of the agency before the property was knocked down.
4. In the trial of such an action the plaintiff is not entitled to recover attorney's fees as a part of the expenses of the litigation.

DECIDED NOVEMBER 12, 1912.

Complaint; from city court of Madison—Judge Anderson. July 10, 1912.

A common-law fi. fa. which was issued September 11, 1911, for $1,000, principal, and $152.46 interest, and $115.24 attorney's fees, in favor of Abernathy and against the Buckhead Lumber

Company, was levied on certain real estate and personalty as the property of the defendant in fi. fa. The property was regularly brought to sale on January 2, 1912, and was bid in by Adams for $1,265. He refused to comply with the bid, and the sheriff resold the property at his risk. On resale it brought only $350, and the sheriff brought an action against Adams for the deficiency. The action was instituted in the name of the sheriff as the real party at interest, and he sought to recover not only the difference between the two bids, but also the expense incurred by him in. employing counsel to prosecute the action. On demurrer the court struck the claim for attorney's fees. The plaintiff amended so as to add the name of the defendant in fi. fa. as usee, and the court overruled a demurrer based upon the ground that the plaintiff in fi. fa., being the real party at interest, should have been named as the usee. Adams defended on the ground that in making the bid he was acting as agent for Abernathy, the plaintiff in fi. fa., under instruction to buy the property for him, but the defendant does not claim that the sheriff had any notice of this agency. The fi. fa. was admitted in evidence, over the objection that there was no entry of sale thereon. Evidence that the defendant was Abernathy's agent in making the bid was rejected, and the court directed a verdict against him for the difference between the amount of his bid and the amount realized on resale. He excepted to the various rulings against him; and in a cross-bill of exceptions the plaintiff complained of the refusal to allow a recovery of attorney's fees.

*H. W. Baldwin Jr.,* for plaintiff in error.

*E. H. George,* contra.

POTTLE, J. 1. The point mainly insisted on for Adams is that the suit should have been instituted for the use of Abernathy, as the real plaintiff, since he was entitled to the benefit of the recovery. Under the code the sheriff has an option to proceed directly against a defaulting bidder for the recovery of the amount of the bid, or he can resell, and recover any deficiency between the amount realized at the second sale and the sum bid at the first. Civil Code (1910), § 6071. It is expressly provided that the officer making the sale may institute the suit, "for the use of the plaintiff or defendant in execution, or any other person in interest, as the case may be." Civil Code (1910), § 6072. It is insisted that, under a proper construction of this section, the per-

son who is the real party at interest should be named as usee; that is to say, the one entitled to receive the recovery; and that the defendant in execution would never be a proper party, save when the amount to be recovered was larger than the sum due on the execution. The fallacy in this argument lies partly in the assumption that the usee is the plaintiff (*Sharman* v. *Walker,* 68 *Ga.* 148), but the argument is unsound mainly because of the contention that the defendant in fi. fa. is a party at interest only when he is to receive part of the recovery. In a very substantial sense the defendant in fi. fa. is interested in every such suit. It is his property that has been sold, and it is his debt that is to be paid. True it is that the sale satisfies the execution, if the amount bid is sufficient to discharge it (*Jinks* v. *Mortgage Co.,* 102 *Ga.* 694, 28 S. E. 609; *Pinkston* v. *Harrell,* 106 *Ga.* 102, 31 S. E. 808, 71 Am. St. R. 242); but, nevertheless, the defendant has enough interest in seeing the money paid over and the proper entries made, to be made the usee in the suit. The writ runs to the sheriff; he is commanded to make the money and produce it in court; and where the bidder fails to pay, the statute furnishes the remedy to compel him to do so. For this purpose the sheriff must sue in his own name, because the money is owing to him and he is charged by law with the duty of paying it out to those entitled to receive it. There may be other processes in his hands, claiming the fund. It is of little consequence who the usee is. Indeed, the statute says the sheriff may (not must) sue for the use of one of the parties mentioned; and we are not prepared to say that this language is mandatory rather than permissive. But we are clear that the petition as amended was not subject to demurrer for want of a proper usee.

2. It was necessary to introduce the execution or account for its absence. *Glenn* v. *Block,* 31 *Ga.* 393. But we know of no law or reason which would render the fi. fa. inadmissible merely because no entry of the sale had been made thereon by the sheriff. Such an entry may have been prima facie evidence of the sale, but the fact could be proved by the testimony of the sheriff or in any other legal way.

3. Some of the evidence rejected tended to show that Adams was bidding jointly for himself, Abernathy, and another person. If this was true, he was not acting solely as agent for the plaintiff,

as alleged in the answer. But, without reference to this, he did not inform the sheriff that he was bidding for another. The sheriff had a right to treat him as the purchaser and hold him to his bid. It was too late, after the property was knocked down to him, to notify the sheriff that he was bidding for an absent party who had not appeared to make his bid good. If he has been injured by a breach by Abernathy of any agreement in reference to the sale he must settle this matter directly with him. The fact that Abernathy is a non-resident is unfortunate for Adams, but does not change the law.

4. The court was right in refusing to allow a recovery of attorney's fees. Attorney's fees are not generally taxable as costs in this State. *Jones* v. *Rountree,* 11 *Ga. App.* 181 (74 S. E. 1096). We know of no case where a recovery of such fees has been allowed, except in those instances authorized by statutory provisions such as in sections 4252, 4392, 5488 of the Civil Code (1910), and perhaps one or two other special cases. They are not recoverable even under contract, except where certain statutory conditions precedent are strictly complied with. Civil Code (1910), § 4252. It is doubtless inequitable, as counsel suggests, to require an officer making a sale, who has no interest in the recovery, to pay the fees of his counsel, and perhaps the General Assembly ought to come to his relief; but we find no warrant in the law for making an exception in his favor. He has been allowed to recover the expense of storing the property pending the readvertisement and sale; and the broad language has been used that the defaulting bidder is liable for "absolutely necessary and unavoidable expenses." *Barnes* v. *Bluthenthal,* 101 *Ga.* 598 (28 S. E. 1017). But this language was used in reference to expense caused by the readvertisement and resale, and not expenses of litigation. Counsel invokes from us a ruling as to whether the fund recovered may not properly be taxed with the expenses of the litigation; but as the point is not before us, we can not make an authoritative ruling on it. We will say, however, that as the law compels the sheriff to make the money and requires him to sue if he fails to get it otherwise, under the present state of the law he would seem to be bound for the expenses thus incurred.

*Judgment affirmed on both bills of exceptions.*