### 74922. MILLER v. BRUNSWICK PULP & PAPER COMPANY et al.
(360 SE2d 754)

BANKE, Presiding Judge.

The appellant was severely burned in an industrial accident. Upon his return to work following an extended period of temporary total disability, a dispute arose concerning the amount of permanent partial disability benefits to which he was entitled. In response to a letter sent to the board by the appellant's attorney requesting a hearing on the matter, an administrative law judge issued an order requiring him to submit medical evidence supporting his claim. The appellant complied with this order; and, without holding a hearing, the ALJ subsequently issued an order denying his claim for additional permanent partial disability benefits. He appealed unsuccessfully to the full board and the superior court, contending that the ALJ was not authorized to decide the claim without holding a hearing and that to do so had denied him the right to present his own testimony in support of the claim, as well as the testimony of other lay witnesses. We granted his subsequent application for an interlocutory appeal to this court. *Held*:

OCGA § 34-9-100 (c) specifies that when a claim for compensation is filed, "[t]he board *shall* . . . upon its own motion or application of any interested party, order a hearing thereon and assign the claim to an administrative law judge for this purpose." (Emphasis supplied.) Additionally, this court has held that the constitutional guarantee of due process requires "that every party to . . . a workers' compensation proceeding . . . be afforded the opportunity to be heard and to present his claim or defense, i.e., to have his day in court. (Cits.)" *Hart v. Owens-Ill.*, 165 Ga. App. 681, 682 (302 SE2d 701) (1983). Based on these authorities, we hold that the appellant was indeed entitled to a hearing on his claim.

We reject the contention of the appellee employer that the appellant waived his right to a hearing in this case by complying, "without protest," with the ALJ's directive requiring him to submit his medical evidence. The ALJ's directive contained no suggestion that compliance therewith would be construed as a waiver of the request for a hearing. Moreover, in a letter transmitting a portion of the medical evidence to the ALJ, the appellant reiterated his desire for a hearing and asked to be notified of the hearing date. Under the facts as revealed by the record before us, we find no basis whatever for a deter-

mination that the appellant waived his right to a hearing; nor, in view of his contention that he would have offered his own testimony and that of other key witnesses on the issue of the extent of his disability, can we conclude as a matter of law that the denial of his right to a hearing was harmless. The decision of the superior court affirming the denial of the claim is consequently vacated, and the case is remanded for further proceedings consistent with this opinion.

*Judgment vacated and case remanded with direction. Carley and Benham, JJ., concur.*

DECIDED SEPTEMBER 10, 1987.

*Edward E. Boshears*, for appellant.
*James E. Graham*, for appellees.