A89A0367. SANDERS v. GEORGIA-PACIFIC CORPORATION.
(385 SE2d 101)

BENHAM, Judge.

In the third appearance of this workers' compensation case before this court, claimant Sanders' application for discretionary appeal was granted to review the affirmance by the superior court of the award of the State Board of Workers' Compensation of three weeks total disability benefits arising from a job-related injury. In the first appeal, *Georgia-Pacific Corp. v. Sanders*, 171 Ga. App. 799 (320 SE2d 850) (1984), we held that a finding of a change in condition was authorized by the evidence and remanded the claim "for determination of income benefits, if any, due [Sanders] as a result of his change in condition." Id. at 804.

In compliance therewith, a hearing was held in May 1985, after which "the [ALJ] rejected [Sanders'] contention that the skin graft surgery necessitated by the original injury to [his] left leg caused a 'superadded injury' to [his] right leg (which was used as the donor site for the surgery), entitling [him] to additional benefits under [OCGA § 34-9-261] and found that [Sanders] had suffered only a specific member injury and was therefore limited to a maximum of 75 weeks of temporary total disability, computed from the date of injury. Since that period had expired, the ALJ denied [Sanders] any benefits in addition to those already received. On appeal, the board adopted the findings of fact and conclusions of law of the ALJ; the superior court affirmed." *Sanders v. Georgia-Pacific Corp.*, 181 Ga. App. 757, 758 (353 SE2d 849) (1987). On grant of discretionary review of the superior court's affirmance, this court held, in the second appeal, that the board had erred in finding no disability or incapacity to Sanders' right leg since there was uncontradicted evidence of total disability to Sanders' right leg for the three-week period it was grafted to the injured left leg. Consequently, the case was again remanded "for a determination of benefits under former Code Ann. § 114-404 [the predecessors to OCGA § 34-9-261 awarding income benefits for total disability.]" Id. at 760.

In response to the second remand, the board found from the evidence of record that Sanders had suffered a superadded injury during the period he was hospitalized for the grafting procedure, resulting in three weeks of total disability. That award was affirmed by the superior court and is the subject of this appeal.

1. Sanders contends that the superior court incorrectly affirmed the award because the board erred in concluding that the only disa-

bility he suffered from the grafting procedure was during the time he was in the hospital. We have reviewed the transcript of the May 1985 hearing, at which Sanders testified and presented the medical testimony of his treating physicians, and we agree that there was no showing of any incapacity involving the right leg after his legs were separated. As previously ruled in the earlier appeal, Sanders "is not entitled to any additional benefits for disability resulting solely from [the left leg] injury." *Sanders v. Georgia-Pacific*, supra at 759. Sanders had the opportunity to prove at the 1985 hearing whatever disability to his right leg is now alleged, and he failed to do so. " ' "A cardinal principle followed by this court in (workers') compensation cases is that neither this court nor a superior court has any authority to substitute itself as a fact finding body in lieu of the board of (workers' compensation). Thus a finding of fact by a director or [ALJ], when supported by any evidence, is conclusive and binding upon the courts." ' [Cit.]" Id. Division 2.

2. Appellant further argues that he received benefits only for an 18 percent permanent partial impairment and that the condition of his left leg has worsened since then. Thus, he asserts the board should have scheduled another hearing to make a determination concerning an increase in that rating. Sanders' remedy in this regard, however, does not lie in seeking a retrial of the issues presented at the 1985 hearing, but to request a separate hearing pursuant to OCGA § 34-9-104 (b) for a change in condition within two years of the final ruling on appeal. See *Northbrook Prop. &c. Ins. Co. v. Babyak*, 186 Ga. App. 339 (367 SE2d 567) (1988).

3. Appellant insists that OCGA § 34-9-100 (c) requires the board as a matter of law to set down a case for a hearing upon the request of either party; that he made such a demand; and that the board's failure to schedule another hearing was in noncompliance with the directions of this court upon remand. He relies upon *Miller v. Brunswick Pulp &c. Co.*, 184 Ga. App. 172 (360 SE2d 754) (1987), as authority for this position, but in *Miller* the issues raised had never been presented at a hearing. In the instant case, Sanders had the opportunity at the 1985 hearing to proffer evidence on all the issues about which he now complains. Indeed, the express purpose of holding that hearing upon remand was to determine what income benefits, if any, were due. *Georgia-Pacific Corp. v. Sanders*, supra, Division 4. Appellant does not contend that any error was committed by the ALJ which prevented him from presenting material evidence to prove his entitlement to income benefits, or that there is newly discovered evidence authorizing a new trial pursuant to OCGA § 5-5-23 and Rule 103 (d) of the Rules and Regulations of the State Board of Workers' Compensation. We agree with appellee that appellant is attempting in this appeal to gain another chance to reargue facts and circumstances

preexisting the 1985 hearing, and this he cannot do. The evidence in the record was sufficient to support the board's conclusion, either at the time of the first award or on reappraisal, and we will not disturb it. See *Steed v. Liberty Mut. Ins. Co.*, 157 Ga. App. 273 (3) (277 SE2d 278) (1981).

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

DECIDED JULY 10, 1989 —
REHEARING DENIED JULY 25, 1989 — 

*Savell & Williams, S. Lester Tate III, Benjamin H. Terry*, for appellant.

*Neely & Player, Andrew J. Hamilton, Julie A. Taylor*, for appellee.