A91A0452. BROCKWAY STANDARD et al. v. HARPER.
(407 SE2d 475)

COOPER, Judge.

We granted appellant's application for discretionary appeal in this workers' compensation case to consider whether the full board erred in its application of OCGA § 34-9-351 (1) and its denial of appellants' claim for reimbursement from the Subsequent Injury Trust Fund.

The record demonstrates that Janice Harper was employed by Brockway Standard, Inc. and covered by its workers' compensation insurer, Liberty Mutual Insurance Company, appellants in this appeal. In 1982, Harper suffered an injury at work which required surgery for a herniated lumbar disc in her lower back. Although she was able to return to work following the surgery, Harper had a permanent impairment rating of 8-12 percent and a permanent partial disability of 15 percent. In 1987, she underwent a second surgery for a herniated cervical disc which resulted from another work-related injury. Following the second surgery, Harper developed severe pain in the neck and arm and never returned to work. In a deposition, the physician who performed both surgeries testified that after the second injury Harper's disability was 20 percent. Appellants paid temporary, total disability benefits to Harper and sought reimbursement from the Subsequent Injury Trust Fund upon the belief that the injuries merged pursuant to OCGA § 34-9-351 (1). The Subsequent Injury Trust Fund denied appellants' claim, and appellants made application to the State Board of Workers' Compensation for relief. At the hearing before the ALJ, the sole issue was whether or not there was a merger of the injuries. The ALJ denied reimbursement on the grounds that appellants failed to establish a merger under OCGA § 34-9-351 (1) (A), which requires a finding that the subsequent injury would not have occurred, if the preexisting injury had not been present. The ALJ did not apply subsection (B), which states that a merger exists when "[t]he disability resulting from the subsequent injury in conjunction with the preexisting permanent impairment is materially, substantially, and cumulatively greater than that which would have resulted had the preexisting permanent impairment not been present, and the employer has been required to pay and has paid compensation for that greater disability." On appeal to the board, the findings and conclusions of the ALJ were adopted. How-

ever, in addition, the board concluded that in order to prove a merger, the requirements of both subsections (A) and (B) must be met and that inasmuch as appellants failed to meet the requirements of subsection (A), it was unnecessary to consider subsection (B). The board's award was appealed to the superior court where it was affirmed by operation of law. On appeal to this court, appellants contend the board erred in finding that the causation requirements of OCGA § 34-9-351 (1) (A) must be met before there can be a merger and in failing to consider whether there was a merger under OCGA § 34-9-351 (1) (B).

As we review OCGA § 34-9-351 (1), it is readily apparent that the statute does not prescribe the application given by the ALJ or the board to the evidence adduced in the hearing. The statute provides that merger can be established by any one of three independent alternative tests joined by the co-ordinating conjunction, "or," and does not require the satisfaction of any combination of the provisions. The language is plain and unambiguous, and " '[w]hen a statute "is plain and susceptible of but one natural and reasonable construction, the court has no authority to place a different construction upon it, but must construe it according to its terms." ' [Cit.]" *Mansfield v. Pannell*, 194 Ga. App. 549, 551 (390 SE2d 913) (1990). In our view, the board erred in construing the statute to require that merger be established first under subsection (A) as a condition precedent to determining the existence of a merger under subsection (B) and in failing to consider subsection (B).

Appellee argues that any legal error made in applying OCGA § 34-9-351 (1) was harmless error because there was no evidence to authorize a contrary result, i.e., the finding of a merger under subsection (B). We disagree. While this court, in workers' compensation cases, has no authority to substitute itself as a fact finding body in lieu of the board (*Sanders v. Ga. Pacific Corp.*, 192 Ga. App. 439 (1) (385 SE2d 101) (1989)), there is relevant evidence in the record relative to subsection (B) which the board failed to consider due to its erroneous application of OCGA § 34-9-351 (1). We, therefore, remand this case to the board. See *Mansfield Enterprises v. Warren*, 154 Ga. App. 863 (270 SE2d 72) (1980).

*Judgment reversed and remanded for further findings consistent with this opinion. Birdsong, P. J., and Pope, J., concur.*

DECIDED JUNE 28, 1991.

*Tillman, McTier, & Coleman, George T. Talley, Edward F. Preston*, for appellants.

*Willis H. Blacknall III, Newton, Smith, Durden, Kaufold & Mc-*

*Intyre, Richard S. Thompson, K. Prabhaker Reddy,* for appellee.

