A92A0734. GEORGIA SUBSEQUENT INJURY TRUST FUND v. BROCKWAY STANDARD et al.
(419 SE2d 755)

COOPER, Judge.

This appeal marks the second appearance of this case before this court. Appellant contends that the superior court erred in reversing the decision of the full board which found that the employer/insurer, appellees herein, had not established a merger of claimant's injuries under OCGA § 34-9-351 (1).

The facts are fully set out in the first case, *Brockway Standard v. Harper*, 200 Ga. App. 250 (407 SE2d 475) (1991). However, briefly stated, claimant injured her lower back in 1982 while in the course of her employment. Claimant required surgery but was able to return to work. In 1987, claimant suffered another work related injury to another part of her back. She again had surgery, but because of a recurring pain in her neck and arm, she was unable to return to work. Subsequently, a hearing was held to determine if there had been a merger of claimant's injuries under OCGA § 34-9-351 (1). The ALJ and then the full board concluded that no merger had occurred. In *Brockway,* we held that the full board erred in concluding that in order to prove merger under OCGA § 34-9-351 (1), the requirements of subsection (A) had to be established as a condition precedent to determining the existence of merger under subsection (B) and in failing to consider subsection (B). We remanded the case to the board for consideration of whether merger was proved under subsection (B) which provides that merger occurs when "[t]he disability resulting from the subsequent injury in conjunction with the preexisting permanent impairment is materially, substantially, and cumulatively greater than that which would have resulted had the preexisting permanent impairment not been present. . . ." OCGA § 34-9-351 (1) (B). On remand,

the full board found that the employer/insurer had failed to prove merger under subsection (A) or (B), and specifically found that the employer/insurer had failed to show that the claimant's subsequent injury, in conjunction with her preexisting permanent impairment was materially, substantially, and cumulatively greater than that which would have resulted had the preexisting impairment not been present. The superior court reversed the full board, and we granted this discretionary appeal to determine whether the superior court erred in reversing the full board's decision.

Appellant contends in its first enumeration of error that the superior court erred in not applying the "any evidence" standard, and in its second enumeration of error, appellant argues that there was no evidence of merger under OCGA § 34-9-351 (1) (B). "The standard of review of decision by the Board of Workers' Compensation is the 'any evidence' standard, and 'a finding of fact by . . . the State Board . . . , when supported by any evidence, is conclusive and binding upon the (superior) court.' [Cit.]" *Harden v. Southeastern Meat Co.*, 196 Ga. App. 22 (1) (395 SE2d 273) (1990). The record includes the depositions of Drs. Wade Renn and Gerald Kadis. Dr. Renn treated claimant following her 1982 and 1987 injuries and testified that claimant had a disability rating of 15 percent as a result of her first injury and a 20 percent disability following her second injury; and that in rating claimant's body as a whole, claimant's total disability rating would be greater than either of the disability ratings given claimant following the 1982 and 1987 injuries. Dr. Kadis testified that claimant was referred to him by Dr. Renn subsequent to claimant's second injury; that the 1982 and 1987 injuries appeared to be separate; that the first injury resulted in an impairment separate from the impairment associated with the second injury; but that the total impairment to the body as a whole is greater than it was before claimant's second injury. Both Drs. Renn and Kadis were sent a questionnaire by a specialist with the Subsequent Injury Trust Fund in which they were asked to respond to the following question: "Would the effect of the disability that resulted from the . . . 1987 injury . . . have been the same regardless of the prior impairment?" Dr. Renn responded in the negative, indicating that in his opinion, the second injury would have more permanent impairment as a result of the 1982 injury. Dr. Kadis responded: "Yes, I believe so." The superior court found that the full board's reliance on Dr. Kadis' response to that question was in error because the question did not relate to the issue of merger under OCGA § 34-9-351 (1) (B) but related only to the disability resulting from the second injury. The superior court further found that both Drs. Renn and Kadis testified that the disability from both injuries together is greater than the disability resulting from either injury separately. "The focus of OCGA § 34-9-351 (1) (B) is not merely the cu-

mulative effect of the injuries but requires that the disability resulting from the subsequent and preexisting injuries be 'materially, substantially, and cumulatively greater than that which would have resulted had the preexisting permanent impairment not been present.' [Cit.]" *JPS Carpets v. Troupe*, 203 Ga. App. 602, 604 (417 SE2d 333) (1992). The full board found that appellees had not shown that the 1987 injuries in conjunction with the 1982 injury were materially, substantially, and cumulatively greater than that which would have resulted had the preexisting impairment not been present. "The full [b]oard, the same as the ALJ, is a finder of fact. Each is entitled to make independent findings of fact and conclusions of law even though the facts are the same but the conclusions different. A finding of fact made by the full [b]oard when supported by any evidence, is conclusive and binding upon the superior court as well as this court. Neither we nor the superior court have any authority to set aside an award based on supported findings of fact merely because we might disagree with the conclusions reached therein. [Cits.]" *Subsequent Injury Trust Fund of Ga. v. Harbin Homes*, 182 Ga. App. 316, 318 (355 SE2d 702) (1987). Upon review of the record, we find that there is some evidence from which the board could have based its conclusion that appellee did not establish merger under OCGA § 34-9-351 (1) (B). "Thus, neither we nor the superior court are at liberty to conclude that there was no evidence to support the ultimate award of the full [b]oard." Id. Accordingly, we reverse the order of the superior court, thereby sustaining the award of the full board.

*Judgment reversed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 8, 1992.

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Jeffrey L. Milsteen, Senior Assistant Attorney General, K. Prabhaker Reddy, Staff Attorney, Andrew, Threlkeld & Thompson, Richard S. Thompson*, for appellant.
*George T. Talley, Willis H. Blacknall III*, for appellees.