A94A2085. MUSCOGEE IRON WORKS et al. v. WARD.
(455 SE2d 363)

SMITH, Judge.

We granted a discretionary appeal in this workers' compensation case to address an issue of first impression regarding the construction of OCGA § 34-9-367. The superior court affirmed the State Board of Workers' Compensation's award of reimbursement from the Subsequent Injury Trust Fund (the "Fund") to the employer, Muscogee Iron Works, but reversed the Board's award of attorney fees against the Fund, finding that such an award was barred by OCGA § 34-9-367. Muscogee appeals the reversal of the award of attorney fees.

The record reveals that Ward was hired by Muscogee in 1974 after having suffered an injury to his left arm requiring amputation above the elbow. In 1988, while lifting a heavy steel plate with one arm, Ward injured his back. Muscogee accepted compensability of

Ward's claim for the back injury and began paying him benefits. The total amount that Muscogee has paid Ward in indemnity and medical benefits is over $35,000.

Title 34, Chapter 9, Article 9 of the Official Code of Georgia Annotated provides for the establishment of the Fund. OCGA § 34-9-352. An employer who hires a handicapped worker, and later is required to pay compensation to such a worker is entitled to reimbursement from the Fund for a certain portion of its expenditures. Id.; OCGA § 34-9-360 (a), (b). When Muscogee applied for reimbursement from the Fund, however, the Fund defended the claim. It took the position that the amputated arm had not caused a hindrance to Ward's employment; that Muscogee did not know of Ward's impairment before hiring him, as required by OCGA § 34-9-361; and that no merger occurred between the back injury and the previous disability, as defined in OCGA § 34-9-351 (1).

The ALJ found against the Fund on all three grounds and awarded Muscogee reimbursement. Muscogee's request for attorney fees from the Fund, however, was denied on the ground that the Fund's defense of the claim was reasonable. The Board's Appellate Division affirmed the ALJ's findings on reimbursement, but found that the Fund had "unreasonably refused reimbursement in this matter," and awarded Muscogee attorney fees pursuant to OCGA § 34-9-108, noting that OCGA § 34-9-367 makes no prohibition of such a fee assessment. The superior court affirmed the Appellate Division's decision "as to the merits of the claim for reimbursement" but reversed the award of attorney fees, concluding that "as a matter of law . . . OCGA § 34-9-367 bars an assessment of attorney's fees against the . . . Fund."

Muscogee contends that neither established principles of statutory construction nor sound public policy bars the award of attorney fees made by the Board under these circumstances. We agree and reverse.

First, the award is not barred by the language of the statute. OCGA § 34-9-108 (b) (1) provides that attorney fees may be assessed against an "offending party" if a determination is made "that proceedings have been brought, prosecuted, or defended in whole or in part without reasonable grounds." The Appellate Division's determination that the Fund unreasonably defended the claim is a factual determination, and we must accept it if "any evidence" supports it. *Ga. Subsequent Injury Trust Fund v. Brockway Standard*, 204 Ga. App. 519, 520-521 (419 SE2d 755) (1992). The Fund is a party to this litigation, and it is therefore subject to a claim for attorney fees unless barred by OCGA § 34-9-367.

OCGA § 34-9-367 provides in its entirety: "The Subsequent Injury Trust Fund shall not be liable for any interest on sums due

claiming parties nor shall it be liable for attorney's fees due attorneys of the claiming parties." Our research has revealed no other use of the term "claiming parties" in the Workers' Compensation Act. However, the statute must be construed as a whole. "It is a well-established principle that a statute must be viewed so as to make all its parts harmonize and to give a sensible and intelligent effect to each part." *Houston v. Lowe's of Savannah*, 235 Ga. 201, 203 (219 SE2d 115) (1975). Claimants are the "claiming parties" referred to in the first part of OCGA § 34-9-367, to whom interest might be due on awards carried past the administrative level. OCGA § 34-9-107. It follows that they are also the "claiming parties" referred to in the second part of the statute. We therefore interpret the statute's prohibition on the Fund's liability for attorney fees due "claiming parties" to mean that the Fund is not liable for reimbursing employers for attorney fees awarded to *claimants* pursuant to OCGA § 34-9-108 (b) (1) against employers who have unreasonably defended the injured employees' claims.

Second, sound public policy dictates that when the Fund has unreasonably defended claims for reimbursement, it should be liable for attorney fees. The cardinal rule in interpreting a statute is to ascertain the intent of the legislature and give the statute that construction which will effectuate the legislature's intent. *Hollowell v. Jove*, 247 Ga. 678, 681 (279 SE2d 430) (1981). Exempting the Fund from the operation of the attorney fees provisions in OCGA § 34-9-108 (b) (1) would frustrate, rather than promote, the purpose for which the Fund was established. The Fund's stated purpose is "to encourage the employment of the handicapped by protecting employers from excess liability for compensation when an injury to a handicapped worker merges with a preexisting permanent impairment to cause a greater disability than would have resulted from the subsequent injury alone." OCGA § 34-9-350. Permitting the Fund to defend with impunity the claims of employers for reimbursement without reasonable basis would encourage the Fund to do so as a routine practice. Such a result would serve, not as encouragement to employ the handicapped, but on the contrary, as a disincentive for employers to do so. Accordingly, the judgment of the superior court denying Muscogee's claim for attorney fees must be reversed.

*Judgment reversed. McMurray, P. J., Birdsong, P. J., Johnson, Blackburn and Ruffin, JJ., concur. Beasley, C. J., Pope, P. J., and Andrews, J., dissent.*

Pope, Presiding Judge, dissenting.

I must respectfully dissent. The Subsequent Injury Trust Fund was created by an Act of the Georgia General Assembly in 1977 to encourage the employment of handicapped persons by protecting em-

ployers from excess liability for compensation for certain injuries. Ga. L. 1977, pp. 608, 609; OCGA § 34-9-350. In creating the Fund, the General Assembly also expressly provided that the Fund would not be liable for certain costs, see Ga. L. 1977, p. 617 "Nonliability of fund for certain costs," and it is that provision, OCGA § 34-9-367, that we are concerned with in this case. Contrary to the holding of the majority, I do not believe that the phrase "claiming parties" as used in that section refers only to the original claimant (the employee) for workers' compensation benefits. The only "parties" who can "claim" under the Fund are employers or insurers. The only "parties" who can claim workers' compensation benefits are employees. It seems to me that "claiming parties" refers to any person or entity claiming interest or attorney fees, whether they are an employee claiming under the provisions of the Workers' Compensation Act or an employer or insurer claiming reimbursement under the Fund. This makes sense as a matter of statutory construction, inasmuch as the all-encompassing phrase "claiming parties" appears only in this section; in other sections, the parties are referred to as either the claimant, employee, employer or insurer. As for consideration of the legislative intent in drafting this provision, it seems to me an effort by the legislature to protect and preserve the Fund by simply providing that no attorney fees (or interest) are to be paid out of the Fund. I am thus in accordance with the superior court's finding that the bar against the payment of attorney fees expressed in OCGA § 34-9-367 is absolute, and that, therefore, attorney fees incurred by an employer or insurer in pursuing its claim against the Fund are not assessable against the Fund. It follows that I would affirm, not reverse, the order of the superior court in this case.

I am authorized to state that Chief Judge Beasley and Judge Andrews join in this dissent.

DECIDED MARCH 14, 1995 — 

*Lowendick, Speed & Donahue, Kenneth B. Donahue,* for appellants.

*McNatt, Greene & Thompson, Richard S. Thompson,* for appellee.