S95G1066. GEORGIA SUBSEQUENT INJURY TRUST FUND v. MUSCOGEE IRON WORKS et al.
(462 SE2d 367)

CARLEY, Justice.

Muscogee Iron Works (Muscogee) hired a handicapped employee who subsequently suffered an on-the-job injury. Muscogee paid the employee workers' compensation benefits for which it sought reimbursement from the Georgia Subsequent Injury Trust Fund (Fund). When the Fund denied this claim for reimbursement, Muscogee applied for a hearing. The administrative law judge found that Muscogee was entitled to reimbursement, but denied Muscogee's request for an award of attorney's fees under OCGA § 34-9-108. The appellate division likewise found that Muscogee was entitled to reimbursement, and also awarded Muscogee attorney's fees on the ground that the Fund had "unreasonably refused reimbursement in this matter." See OCGA § 34-9-108 (b) (1). On appeal to the superior court, the finding as to Muscogee's entitlement to reimbursement was affirmed, but the award of attorney's fees was reversed. The Court of Appeals granted Muscogee's application for a discretionary appeal as to the superior court's reversal of the award of attorney's fees. In a whole-court decision, the Court of Appeals reversed, holding that "neither established principles of statutory construction nor sound public policy bars the award of attorney['s] fees made by the Board. . . ." *Muscogee Iron Works v. Ward,* 216 Ga. App. 636, 637 (455 SE2d 363) (1995). We granted certiorari to review this holding of the Court of Appeals.

Attorney's fees are recoverable only where authorized by some

---

[4] See id. at 274 (Hunt, Chief Justice, concurring).

statutory provision or by contract. *Bowers v. Fulton County*, 227 Ga. 814, 815 (1) (183 SE2d 347) (1971). See also *Money v. Thompson & Green Mach. Co.*, 155 Ga. App. 566 (271 SE2d 699) (1980); *Bankers Fid. Life Ins. Co. v. Oliver*, 106 Ga. App. 305, 307 (3) (126 SE2d 887) (1962); *Dodd v. Slater*, 101 Ga. App. 358, 360 (3) (114 SE2d 167) (1960); *Adams v. Aycock*, 11 Ga. App. 793, 796 (4) (76 SE 161) (1912). In the context of workers' compensation law, OCGA § 34-9-108 (b) (1) provides that, upon a determination that proceedings for benefits initiated pursuant to OCGA § 34-9-100 were brought, prosecuted, or defended in whole or in part without reasonable grounds, attorney's fees may be assessed against the offending party.

However, the Fund was not a party to a proceeding for workers' compensation benefits initiated pursuant to OCGA § 34-9-100. The Fund was a party to a proceeding for reimbursement of workers' compensation benefits initiated pursuant to OCGA § 34-9-360. Accordingly, unless there is statutory authority for the award of attorney's fees against a party to such a proceeding for reimbursement, the award of attorney's fees against the Fund cannot be upheld. In determining whether such statutory authority exists, the courts are limited to consideration of the provisions of OCGA § 34-9-350 et seq., since it is those provisions which are deemed to control proceedings initiated by an employer or insurer seeking reimbursement from the Fund. OCGA § 34-9-350.

A recovery of attorney's fees is not expressly authorized by any provision of OCGA § 34-9-350 et seq. OCGA § 34-9-363 (b) merely provides that a disputed claim for reimbursement is to "be determined in the *manner* provided for other workers' compensation proceedings and appeals." (Emphasis supplied.) One of the established principles of statutory construction is that the ordinary signification shall be applied to all words. OCGA § 1-3-1 (b). The ordinary signification of "manner" is "[a] way, mode, method of doing anything, or mode of proceeding in any case or situation." Black's Law Dictionary 868 (5th ed. 1979). This definition of "manner" as referring to an applicable procedure has been recognized in previous decisions of this Court. See *DeKalb County v. J & A Pipeline Co.*, 263 Ga. 645, 649 (2) (437 SE2d 327) (1993). Muscogee's claim for reimbursement has been and is being determined in exactly the same manner as that applicable to other workers' compensation proceedings and appeals. By authorizing an award of attorney's fees under certain circumstances, however, OCGA § 34-9-108 (b) (1) relates to the additional liability that may be imposed upon the employer and insurer in a proceeding for workers' compensation benefits, rather than to the procedure to be followed in such a proceeding. Accordingly, the established principles of statutory construction compel the conclusion that the language of OCGA § 34-9-363 (b) does not serve to incorporate the terms

of OCGA § 34-9-108 (b) (1) so as to authorize an award of attorney's fees in a proceeding for reimbursement against the Fund.

As evidenced by a proper construction of the applicable statutory provisions of OCGA § 34-9-350 et seq., the public policy of this state is that the attorney's fees of an employer or insurer are not recoverable from the Fund. It follows that the contrary holding of the Court of Appeals must be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED OCTOBER 2, 1995 —
RECONSIDERATION DENIED OCTOBER 27, 1995.

*McNatt, Greene & Thompson, Richard S. Thompson,* for appellant.

*Lowendick, Speed & Donahue, Kenneth B. Donahue,* for appellees.