## A98A1042. WAYCROSS MOLDED PRODUCTS, INC.
### v. McKELVIN.
(505 SE2d 826)

BEASLEY, Judge.

In this workers' compensation case, the State Board awarded benefits to the employee based upon a change in condition for the worse. OCGA § 34-9-104. We granted the employer's discretionary appeal to determine whether the State Board applied the proper burden of proof and whether the evidence supported the award.

Raymond McKelvin operated a press mold for Waycross Molded Products, Inc., and injured his lower back on January 11, 1995. Waycross Molded paid benefits for that injury but suspended them effective June 25, 1995, because McKelvin's treating physician released him to return to work without restriction. McKelvin reported to work based on that medical release, but before he actually resumed work-

ing Waycross Molded terminated him for a reason unrelated to his work injury.

In April 1996 McKelvin developed lower back pain after moving a sofa at home. On April 30, the treating physician found him capable of moderate work lifting or carrying no more than 50 pounds and released him for light-duty work. McKelvin then sought to have income benefits reinstated based on this lower back pain.

The ALJ found that McKelvin had demonstrated a change in condition for the worse, and that his back complaints were occasionally aggravated by the ordinary wear and tear of everyday life and were related to the original work injury. For the reason that McKelvin had not actually returned to work before he was discharged for cause, the ALJ did not require him to show a good faith but unsuccessful job search as set forth in *Maloney v. Gordon County Farms*.[1] The appellate division upheld the ALJ's decision. On appeal the award was affirmed by operation of law due to the inaction of the superior court, which held a hearing but did not enter a ruling. OCGA § 34-9-105 (b).

1. Waycross Molded contends that the evidence only supported a finding that McKelvin sustained a new injury moving furniture in April 1996, which was not compensable because it was not work-related. Whether a new injury or an aggravation of an old injury occurred is a question of fact for the ALJ.[2] The evidence regarding this issue was conflicting but some evidence supported the factual finding, and this Court will not disturb that finding on appeal.[3]

2. An employee who has returned to work and no longer receives workers' compensation benefits is not entitled to a resumption of benefits after being terminated for cause unless the employee establishes "by a preponderance of the evidence that he or she suffered a loss of earning power as a result of a compensable work-related injury; continues to suffer physical limitations attributable to that injury; and has made a diligent, but unsuccessful effort to secure suitable employment following termination."[4]

"The concern addressed in *Maloney* is that benefits should be awarded [in a change in condition case] only where the economic change for the worse is proximately caused by the work-related injury. Proof of a diligent job search allows the board to infer this critical causal connection where the termination is for reasons wholly

---

[1] 265 Ga. 825 (462 SE2d 606) (1995).

[2] *Columbus Intermediate Care Home v. Johnston*, 196 Ga. App. 516 (396 SE2d 268) (1990).

[3] *Sanders v. Ga.-Pacific Corp.*, 192 Ga. App. 439 (385 SE2d 101) (1989).

[4] *Maloney v. Gordon County Farms*, supra at 828.

unrelated to the injury."[5]

It is undisputed that McKelvin's treating physician released him for return to work without restrictions, that McKelvin attempted to return to work pursuant to that medical release, and that Waycross Molded terminated McKelvin for a reason unrelated to his original work injury. Under these circumstances, the fact that McKelvin did not actually return to work before his termination is not a material distinction from the employee's situation in *Maloney*. It does not affect the need to connect the economic change to the work injury as cause. In order to have his benefits reinstated based on a change in condition for the worse, McKelvin was likewise required to show a diligent but unsuccessful effort to find suitable employment following his termination.

Accordingly, the superior court erred in allowing affirmance of the State Board's decision and in failing to remand the case with direction for the State Board to determine whether McKelvin met that burden of proving proximate cause.

*Judgment reversed and case remanded with direction. Pope, P. J., and Ruffin, J., concur.*

DECIDED AUGUST 20, 1998 — 

*Dillard, Bower & East, Bryant H. Bower, Jr., Rebecca R. Crowley*, for appellant.
*Hackel & Hackel, Thomas M. Hackel*, for appellee.

---

[5] *Padgett v. Waffle House*, 269 Ga. 105, 106 (1) (498 SE2d 499) (1998).