# CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

v.

Otis Antonio Carter

March 12, 2004

Case No. CR03005005

BY JUDGE MARC JACOBSON

On October 2, 2003, Norfolk Police Department Officer Testier purchased a substance suspected to be cocaine from Otis Antonio Carter. The substance was turned over to Investigator Poch of the Norfolk Vice and Narcotic Unit. Poch performed a cocaine field test, and the result of the test was negative. (Comm.'s Ex. 1.) Defendant was charged by warrant with Distribution of Imitation Crack Cocaine pursuant to Virginia Code § 18.2-248. (Comm.'s Ex. 2.) The substance was submitted to the laboratory for further analysis.

At the preliminary hearing, on November 13, 2003, the Commonwealth extended an oral offer to Defendant, through counsel, which consisted of a suspended sentence with no active incarceration. In accepting this oral plea agreement, Defendant waived his preliminary hearing and agreed to enter a plea of guilty to the charge of Distribution of Imitation Crack Cocaine. The next day, the Commonwealth received the Certificate of Analysis from the Division of Forensic Science, which found that the substance was cocaine. (Comm.'s Ex. 3.)

On December 15, 2003, the Commonwealth advised the defendant, through counsel, and moved to amend the indictment to Distribution of Cocaine. The indictment was amended by agreement of counsel and without objection by the Defendant, because Defendant "knew that objecting to the amendment would result in new charges, a new arrest, and a new bond to be

posted by the defendant, all to his detriment." (Def.'s Br. at 2.) Defendant argues that, by agreeing to the amended indictment, "counsel was in no way agreeing to waive defendant's right to seek enforcement of the plea agreement" and that "[w]aiver of a right must be knowing and intelligent" and "counsel was neither knowing nor intelligent on the right to enforce the plea agreement." (*Id.*)

On February 17, 2004, Defendant filed a motion to enforce the initial oral plea agreement initially entered into based on Distribution of Imitation Crack Cocaine.

Rule 3A:8(c)(1)(C)(2) of the Rules of the Supreme Court of Virginia requires that "If a plea agreement has been reached by the parties, it shall, in every felony case, be reduced to writing, signed by the attorney for the Commonwealth, the defendant, and, in every case, his attorney if any, and presented to the court."

In *Mabry v. Johnson*, 467 U.S. 504 (1984), the United States Supreme Court held that "[a] plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution." *Id.* at 507–08. The Supreme Court's decision in *Mabry* appears to leave open the question or issue of whether some form of detrimental reliance other than a guilty plea might give rise to a right to enforce a prosecutor's promise. 2-7 *Criminal Law Advocacy* § 7.01 (Matthew Bender 2003). The Supreme Court of Virginia addressed this issue in *Commonwealth v. Sandy*, 257 Va. 87, 509 S.E.2d 492 (1999),[1] holding that "a Commonwealth's Attorney may withdraw from a proposed plea agreement at any time before the actual entry of a guilty plea by a defendant *or any other change of position by the defendant resulting in prejudice to him because of reliance upon the agreement." Id.* at 91, 509 S.E.2d at 494 (citations omitted) (emphasis added); *see Watkins v. Commonwealth*, 25 Va. App. 646, 419 S.E.2d 755 (1997), *rev'd en banc on other grounds*, 27 Va. App. 473, 499 S.E.2d 589 (1998). *See generally* David Aram Kaiser, Note, United States v. Coon: *The End of Detrimental Reliance for Plea Agreements?*, 52 Hastings L. J. 579 (2001) (arguing that, when a defendant is offered a plea agreement and then detrimentally relies on it, the government should be held to specific performance of the terms of the agreement); William M. Ejzak, Note, *Plea Bargains and Nonprosecution*

---

[1] In *Sandy*, the Supreme Court of Virginia held that the Commonwealth was entitled to withdraw from the proposed plea agreement; however, *Sandy* is distinguishable from the instant case because the Supreme Court found that the defendant suffered no prejudice by the Commonwealth's withdrawal. *Sandy*, 257 Va. at 92, 509 S.E.2d at 494.

*Agreements: What Interests Should Be Protected When Prosecutors Renege?*, 1991 U. Ill. L. Rev. 107 (1991) (arguing that courts should protect the expectations and reliance reasonably induced in defendants by promises made by the state).

The decision by a court to compel performance of a plea agreement is "guided by 'an amalgam of constitutional, supervisory, and private [contract] law concerns'." *Watkins*, 25 Va. App. at 653 (quoting *United States v. Harvey*, 791 F.2d. 294, 300 (4th Cir. 1986)). Examples of detrimental reliance requiring enforcement of an agreement in other jurisdictions have included "providing information to government authorities, testifying for the government, confessing guilt, returning stolen property, making monetary restitution, failing to file a motion to have charges presented to a grand jury, submitting to a lie detector test, and waiving certain procedural guarantees." *Id.* (quoting Lawrence K. Rynning, Note, *Constitutional Recognition for Defendant's Plea Bargaining Expectation in the Absence of Detrimental Reliance*, 58 N.C. L. Rev. 599, 300 (1980)).

Defendant asserts that he was constitutionally entitled to a preliminary hearing. (Def.'s Mot. to Enforce Plea Agreement.) However, an accused does not necessarily have a constitutional right to a preliminary hearing, *Burns v. Commonwealth*, 261 Va. 307, 320, n. 8, 541 S.E.2d 872, 8814, n. 8 (2001) (citing *Ashby v. Cox*, 344 F. Supp. 759, 763 (W.D. Va. 1972)), *cert. denied*, 504 U.S. 1043 (2001); in Virginia, the right is purely statutory. Virginia Code § 19.2-218. In essence, it could be argued that "[t]he practical effect of a defendant's waiver of his right to a preliminary hearing is that he is deemed to have admitted that probable cause exists, and thus his liberty may be restrained prior to trial either through incarceration or through conditions on his bail. For that reason, the waiver of the right to a preliminary hearing directly implicates constitutional interests." *People v. MacCrander*, 756 P.2d 356, 362 (Colo. 1988) (en banc) (citing *Gerstein v. Pugh*, 420 U.S. 103 (1975)). In *MacCrander*, the Supreme Court of Colorado held that a defendant's waiver of his preliminary hearing constituted a detrimental reliance on the prosecution's proposed plea agreement. *Id.* at 361; *compare* Virginia Code § 19.2-218, *with* Colo. Rev. Stat. § 18-1-404.

In the instant case, it could be argued that Defendant's waiver of his preliminary hearing in reliance on the Commonwealth's plea agreement constituted detrimental reliance and could, under normal circumstances, entitle Defendant to specific performance of the agreement. However, in the instant case, the Commonwealth and Defendant agreed, without objection, to amend the indictment from "Distribution of Imitation Crack Cocaine" to "Distribution of Cocaine." (*See* Comm. Mem. in Opp. at 1.) Both crimes are included in the same statute, found at Virginia Code § 18.2-248.

Virginia Code § 19.2-231 provides: "If there be any defect in form in any indictment, presentment, or information, or if there shall appear to be any variance between the allegations therein and the evidence offered in proof thereof, the court may permit amendment of such indictment, presentment, or information, at any time before the jury returns a verdict or the court finds the accused guilty or not guilty, *provided the amendment does not change the nature or character of the offense charged*" (emphasis added). "This statute is remedial in nature and is to be liberally construed in order to achieve the laudable purpose of avoiding further unnecessary delay in the criminal justice process by allowing amendment, rather than requiring reindictment by a grand jury." *Powell v. Commonwealth*, 261 Va. 512, 533, 552 S.E.2d 344, 356 (2001) (quoting *Sullivan v. Commonwealth*, 157 Va. 867, 876–77, 151 S.E. 297, 300 (1931)).

In *Edwards v. Commonwealth*, 218 Va. 994, 243 S.E.2d 834 (1978), the Supreme Court of Virginia held that the amendment of an indictment from Code § 18.2-357 ("Receiving money from earnings of male or female prostitute") to § 18.2-356 ("Receiving money for procuring person") did not change the nature or character of the offense charged "[b]ecause of the similarity of purpose and subject matter of the sections." *Id.* at 1003, 243 S.E.2d at 839.

In *Sullivan v. Commonwealth*, 157 Va. 867, 161 S.E. 297 (1931), the Supreme Court held that the trial court did not err by allowing an indictment to be amended from a charge of burglary with intent to commit a felony other than murder, rape, or robbery, to a charge of burglary with intent to commit murder, rape, or robbery. *Id.* at 875–76, 161 S.E. at 299–300; see Va. Code Ann. §§ 4438, 4439 (Michie 1930); compare Va. Code Ann. § 4878 (Michie 1930), with Va. Code § 19.2-231 (2000). In reaching this conclusion, the Court noted that "[t]he two sections might well have been combined for they refer directly, though not solely, to, and define as an offense, the breaking and entering of a dwelling house in the daytime, with intent to commit murder, rape, or robbery, or larceny, or any felony other than murder, rape, or robbery. The overt acts constituting the crime are the same, that is, the breaking and entering. The intent with which the particular crime is committed does not change its general nature or character, because whichever intent is shown, the crime is of the same nature, that is, a felony of the specific class denounced by the statute. ... That the bare fact that the amendment allowed authorizes a greater punishment than that authorized for the offense charged in the original indictment does not of itself change the character of the offense charged." *Id.* at 876–77, 161 S.E. at 299 (citing *Kelly v. Commonwealth*, 140 Va. 522, 125 S.E. 437 (1924)).

In the instant case, the charges of Distribution of Imitation Crack Cocaine and Distribution of Cocaine are both found within Va. Code § 18.2-248. Here, the overt act, distribution, is the same for both charges. Whether the substance being distributed was cocaine or imitation cocaine does not change the "nature or character of the offense charged." There is an obvious "similarity of purpose and subject matter" between the two offenses, clearly exhibited by their inclusion under the same statutory section. The fact that Distribution of Cocaine carries a more severe sentence does not, by itself, change the nature or character of the offense. Further, in the instant case, Defendant did not object to the amendment of the indictment.

Although the amendment of the indictment was valid because it did not change the nature or character of the offense charged, it did, however, change an element necessary to be proved by the Commonwealth, that the substance was, in fact, cocaine. Further, the amendment changed the severity of the Defendant's potential punishment. Therefore, the amended indictment, agreed upon and not objected to by Defendant, served as a discontinuance or abandonment of the prosecution on the original charge. *See Hatcher v. Commonwealth*, 106 Va. 827, 830, 55 S.E.2d 677, 678 (1906). The current amended indictment constitutes a new charge upon which the Commonwealth is now proceeding.

The Court concludes that, although Defendant may have detrimentally relied on the original oral plea agreement by waiving his preliminary hearing, subsequently he voluntarily agreed to amend the indictment, thus creating a new charge, and thus invalidating and waiving the original plea agreement. For the purposes of the instant case, the Court does not address the aforesaid fact that the plea agreement was not in writing as required by Rule 3A:8(c)(1)(C)(2) of the Rules of the Supreme Court of Virginia as neither counsel considered this in their oral arguments or briefs, but certainly the requirement has not been satisfied.

The motion of defendant to enforce the original alleged oral plea agreement is denied.