OFC CAPITAL, a division of ALFA Financial Corporation, Plaintiff—Appellee,

v.

AT PUBLISHING, INC., Defendant—Appellant.

OFC Capital, a division of ALFA Financial Corporation, Plaintiff—Appellee,

v.

AT Publishing, Inc., Defendant—Appellant.

Nos. 07–35644, 08–35074.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 5, 2008.

Filed Nov. 20, 2008.

Jennifer A. Olson, Esquire, Ford & Harrison, LLP, Los Angeles, CA, Marion F. Walker, Esquire, Ford & Harrison LLP, Birmingham, AL, for Plaintiff–Appellee.

Jeffrey J. Jarvi, Esquire, Michael T. Stehle, Esquire, Law Office of Michael Stehle, P.C., Anchorage, AK, for Defendant–Appellant.

Before: D.W. NELSON, TASHIMA, and FISHER, Circuit Judges.

MEMORANDUM *

AT Publishing ("AT") appeals the district court's judgment in favor of OFC

---

* This disposition is not appropriate for publication and is not precedent except as provided

Capital ("OFC"), and the district court's order awarding OFC attorneys' fees and costs. Because AT's primary argument has been waived and its secondary arguments are unavailing, we affirm the judgment of the district court, as well as its post-judgment fees' order.

AT's failure to make a post-verdict motion challenging the sufficiency of the evidence to support the verdict constitutes, on appeal, a waiver of issues arising from the denial of AT's motion for judgment as a matter of law. *See Nitco Holding Corp. v. Boujikian,* 491 F.3d 1086, 1088 (9th Cir.2007).

The district court's jury instructions fairly and adequately covered the issues presented, correctly stated the law, and were not misleading. *See White v. Ford Motor Co.,* 312 F.3d 998, 1012 (9th Cir. 2002). The district court did not misstate the law governing acceptance and rejection in those instructions, which referenced (1) the lease the parties signed; and (2) the requirement that AT be provided a reasonable opportunity to inspect the goods received before its acceptance would be legally binding. *See* Ga.Code Ann. § 11–2A–515(1).

■ The district court properly dismissed AT's claim regarding its right to revocation of acceptance. Although "[r]evocation is an available remedy even where the seller has attempted to limit its warranties," *see Prudential Metal Supply Corp. v. Atl. Freight Sales Co.,* 204 Ga. App. 439, 419 S.E.2d 520, 521 (1992), AT was not entitled to revoke its acceptance against OFC. AT realized the equipment was nonconforming when it was tested immediately after installation. Indeed, AT could not have accepted the press prior to learning about the nonconformity. *See* Ga. Code. §§ 11–2A–509; 11–2A–509(1). Be-

cause a buyer may only revoke its acceptance against a finance lessor when it is unaware of the nonconformity, AT was not entitled to revoke its acceptance. *See* Ga. Code. §§ 11–2A–516, 11–2A–517.

■ Similarly, the district court properly dismissed AT's claim for damages against OFC. Because OFC had not breached its finance lease, and had no contractual obligation to provide conforming goods, AT did not state a claim against OFC for which relief could be granted. *See* Fed.R.Civ.P. 12(b)(6); *see also Milledgeville Water Co. v. Fowler,* 129 Ga. 111, 58 S.E. 643, 644 (1907) ("where contract relations exist, the parties assume toward each other no duties whatever besides those the contract imposes") (internal quotation marks omitted).

Finally, the district court appropriately awarded fees to OFC under the terms of the lease, which provided that "Lessee shall reimburse Lessor for all charges, costs, expenses and attorney's fees...." *See Georgia Subsequent Injury Trust Fund v. Muscogee Iron Works,* 265 Ga. 790, 462 S.E.2d 367, 368 (1995) (recognizing that under Georgia law, attorneys' fees are allowed where authorized by statute or contract).

**AFFIRMED.**